UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAGREE TECHNOLOGIES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPARTACUS 20TH L.P., et al., <br><br> Defendants. | Case No. 17-cv-00795-JST <br><br> **ORDER GRANTING MOTION FOR ALTERNATE SERVICE** <br><br> Re: ECF No. 24 |

Before the Court is Plaintiffs' Motion for Alternate Service. ECF No. 24. The Court will grant the motion.[1]

**I. BACKGROUND**

Plaintiffs Lagree Technologies, Inc., Lagree Fitness Inc., and Maximum Fitness Incorporated filed patent infringement claims against Spartacus 20th L.P., Spartacus 20th G.P., Inc., Philip R. Palumbo ("Palumbo"), Jakob Irion, BodyROK Franchise, Limited Partnership, BodyROK Franchise GP, Inc., Exercise Technologies, L.P., BodyRok Marina, L.P. ("BodyRok Marina"), and Sculpt Fitness Berkeley, LLC on February 17, 2017. ECF No. 1 at 2. Plaintiffs effectuated service on all Defendants except Palumbo[2] and BodyRok Marina, L.P. ECF No. 24 at 4.

Plaintiffs attempted to serve Palumbo and BodyRok Marina "using two addresses found in the numerous corporate filings of BodyRok Marina and Spartacus entities in the states of California, Missouri and Nevada." Id. at 4; see also ECF No. 23-8 at 3, 4-5. The addresses, however, were invalid. ECF No. 24 at 4. Plaintiffs allege that their process server made five

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. The hearing on this matter, currently scheduled for April 20, 2017, is hereby VACATED.

[2] Palumbo is listed as BodyRok Marina's agent for service. ECF No. 24 at 3.

1  attempts at personal service at these two addresses. Id.

> On March 2, 2017, Plaintiffs hired a private investigator who was able to find another residential address owned by Palumbo, a gated home with an intercom. Service was attempted six times on this address without success. One of those times, a person was inside the house but spoke to the process server through an intercom and refused to answer the door.

Id. (internal citations omitted).[3]

Plaintiffs also asked Defendants' counsel for assistance in contacting Palumbo and BodyRok Marina, to no avail. Id. On March 13, 2017, defense counsel agreed to accept service for the remaining Defendants "in exchange for a 45-day extension of the deadline to respond to the complaint." Id. Plaintiffs did not agree to the extension and subsequently filed the present motion. Id.

## II. LEGAL STANDARD

Fed. R. Civ. Pro. 4(e)(1) provides that an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." A corporation may also be served pursuant to state law. Id. at (h)(1)(A). "The goal of Rule 4 is to provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with the service of process." Kohler Co. v. Domainjet, Inc., 2012 WL 716883, at *1 (S.D.Cal.) (quoting Elec. Specialty Co. v. Road & Ranch Supply, Inc., 967 F.2d 309, 314 (9th Cir.1992)) (internal quotation marks omitted). "Due Process requires that any service of notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Aevoe Corp. v. Pace, 2011 WL 3904133, at *1 (N.D.Cal.) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

To that end, Section 413.30 of the California Code of Civil Procedure states (emphasis

---

[3] Plaintiffs have provided two declarations attesting to the failed attempts to serve BodyRok Marina and Palumbo. ECF No. 21-3; ECF No. 23-8.

2

added):

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served *in a manner which is reasonably calculated to give actual notice to the party to be served* and that proof of such service be made as prescribed by the court.

If personal service is not possible after reasonable due diligence, then service may be effectuated by leaving the summons at a place of business, dwelling, abode, or usual mailing address with a person over 18 years of age. Cal. Civ. Pro. Code 415.20(b). Courts may permit such substitute means of service, so long as they comport with "traditional notions of fair play and substantial justice implicit in due process." Bein v. Brechtel-Jochim Grp., Inc., 6 Cal. App. 4th 1387, 1392 (1992).

> For substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, "[s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party."

Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 613-14 (C.D. Cal. 1995) (citing Bein, 6 Cal. App. 4th 1387, 1392-1393).

## III. DISCUSSION

Plaintiffs ask the Court, in the alternative, to allow them either to serve defense counsel or to serve Palumbo and BodyRok Marina by certified mail and publication. ECF No. 24 at 6, 8. Plaintiffs contend that they have been unable to personally serve Palumbo or BodyRok Marina despite numerous attempts to serve them at listed addresses and a further attempt to find another address for personal service. Id. at 4-5.

"Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." Trackman v. Kenney, 187 Cal. App. 4th 175, 185 (2010) (quoting Espindola v. Nunez, 199 Cal.App. 3d 1389, 1392 (1988)). Here, Plaintiffs made eleven attempts to serve Palumbo and BodyRok Marina, as well as employed a private investigator to find a better address to personally serve both parties. ECF No. 24 at 4. The Court concludes that Plaintiffs have satisfied the requirements of reasonable due diligence and may serve Palumbo and BodyRok Marina by

3

alternate means.

Plaintiffs argue that this Court should "permit alternate service using the method most likely to achieve actual notice, which is to serve counsel for Palumbo and BodyRok Marina." ECF No. 24 at 3. Plaintiffs contend that defense counsel already indicated it could effectuate actual notice on Palumbo and BodyRok Marina because defense counsel represented them previously, id. at 7, and because defense Counsel intimated he would represent them in the present action, id. at 5. Plaintiffs also note that Defendants' counsel's offer to accept service in exchange for an extension of time to answer the complaint shows that defense counsel may already be authorized to accept service. Id. at 4, 7.

The Court disagrees that defense counsel is a proper substitute pursuant to Cal. Civ. Pro. Code 415.20. Although what constitutes substitute service is liberally construed, Bein, 6 Cal. App. 4th at 1392, Plaintiff has not established that defense counsel is Palumbo's or BodyRok Marina's agent. See id. Moreover, although Plaintiff argues that "Courts regularly authorize service upon a party's attorney under Rule 4(h)(2) in construing proper service of *international companies*," ECF No. 24 at 7 n.2 (emphasis added) (citing cases), they cite no case permitting service on counsel for a domestic company. And Plaintiff's argument, if taken to its logical extreme, would mean that any time a lawyer offered to accept service for a client in exchange for meeting certain conditions, that lawyer would then be agreeing to accept service for the same client under all circumstances. This is not the law.

The Court, however, will grant Plaintiffs' request for substitute service via certified mail. "Litigants have the right to choose their abodes; they do not have the right to control who may sue or serve them by denying them physical access." Bein, 6 Cal. App. 4th at 1392. Plaintiffs have sufficiently argued that Palumbo lives in the gated property and evaded process servers. ECF No. 24 at 8. Certified mail therefore appears to be a reasonable alternative likely to provide Palumbo and BodyRok with actual notice. ECF No. 23-8 at 4.

Lastly, because Plaintiffs conducted due diligence in attempting to serve Palumbo and BodyRok Marina, the Court will allow Plaintiffs to additionally serve Defendants by publication. ECF No. 24 at 8. "Because of due process concerns, service by publication must be allowed only

4

as a last resort." Duarte v. Freeland, No. C-05-2780 EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008) (internal quotations and citations omitted).  Therefore, Plaintiffs are ordered to attempt service by both certified mail and publication.  ECF No. 24 at 8.

**CONCLUSION**

Plaintiffs' Motion for Alternate Service is granted.

IT IS SO ORDERED.

Dated:  April 17, 2017

_____
JON S. TIGAR
United States District Judge