ROBERT P. ANDRIS  (SBN 130290)
*randris@grsm.com*
MICHAEL D. KANACH  (SBN 271215)
*mkanach@grsm.com*
GORDON & REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.986.5900
Facsimile: 415.986.8054

KEVIN W. ALEXANDER  (SBN 175204)
*kalexander@grsm.com*
GORDON & REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendants,
SPARTACUS 20TH L.P.; SPARTACUS 20TH G.P., INC.;
PHILIP R. PALUMBO; JAKOB IRION; BODYROK
FRANCHISE, L.P.; BODYROK FRANCHISE G.P., INC.;
EXERCISE TECHNOLOGIES, L.P.;  BODYROK
MARINA, L.P.; SCULPT FITNESS BERKELEY, LLC

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC., MAXIMUM FITNESS INCORPORATED, and SEBASTIEN LAGREE,<br><br>Plaintiffs,<br><br>vs.<br><br>SPARTACUS 20TH LP., SPARTACUS 20TH G.P., INC., PHILIP R. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., BODYROK MARINA, L.P., SCULPT FITNESS BERKELEY, LLC and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  3:17-cv-00795-JST<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR:**<br><br>**1. PATENT INFRINGEMENT (35 U.S.C. § 100 *ET SEQ.*)**<br>**2. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501, *ET SEQ.*)**<br>**3. TRADEMARK INFRINGEMENT (15 U.S.C. § 1051 *ET SEQ.*)**<br>**4. NAME MISAPPROPRIATION (CAL. CIVIL CODE § 3344)**<br>**5. UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES (CAL. BUS. PROF. CODE § 17200, *ET SEQ.*)**<br>**6. CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**AFFIRMATIVE DEFENSES DEMAND FOR JURY TRIAL**<br><br>**Courtroom:  9**<br>**Judge:    Jon S. Tigar** |

-1-

Defendants Spartacus 20th L.P., Spartacus 20th G.P., Inc., Philip R. Palumbo, Jakob Irion, BodyROK Franchise, Limited Partnership, BodyROK Franchise GP, Inc., Exercise Technologies, L.P., BodyRok Marina, L.P., Sculpt Fitness Berkeley, LLC (collectively, "Defendants") hereby answer Plaintiffs Lagree Technologies, Inc., Lagree Fitness, Inc. Maximum Fitness Incorporated, and Sebastien Lagree (collectively "Plaintiffs") alleged First Amended Complaint ("FAC") as follows:

## I.   NATURE OF THIS ACTION

1.   Responding to Paragraph 1, Defendants admit that Plaintiffs purport to allege claims of patent infringement pursuant to 35 U.S.C. § 100 et seq., copyright infringement pursuant to 17 U.S.C. § 501 *et seq.*, trademark infringement pursuant to 15 U.S.C. § 1051 *et seq.*, name misappropriation pursuant to Cal. Civil Code § 3344, unlawful and fraudulent business practices pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*., and unfair competition under California common law.  Defendants deny all allegations of wrongdoing and deny that Plaintiffs are entitled to any recovery.

## II.   JURISDICTION AND VENUE

2.   Responding to Paragraph 2, Paragraph 2 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary Defendants admit the issue of subject matter jurisdiction.

3.   Responding to Paragraph 3, Paragraph 3 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3 of the FAC, and on that basis deny same.

4.   Responding to Paragraph 4, Defendants admit that venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

### A.   Plaintiffs

5.   Responding to Paragraph 5, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the FAC, and on that basis deny

Gordon & Rees LLP<br>101 W. Broadway Suite 2000<br>San Diego, CA 92101

ANSWER TO FIRST AMENDED COMPLAINT                                   3:17-cv-00795-JST

same.

6.   Responding to Paragraph 6, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the FAC, and on that basis deny same.

7.   Responding to Paragraph 7, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the FAC, and on that basis deny same.

8.   Responding to Paragraph 8, Defendants admit Sebastien Lagree is an individual Plaintiff and Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the FAC, and on that basis deny same.

**B.   Defendants**

9.   Responding to Paragraph 9, Defendants admit Spartacus 20th L.P. is a Nevada limited partnership and deny any and all other allegations set forth in Paragraph 9 of the FAC.

10.   Responding to Paragraph 10, Defendants admit Spartacus 20th G.P., Inc. is a Nevada corporation and Spartacus 20th G.P., Inc. is the general partner of Spartacus 20th L.P. and deny any and all other allegations set forth in Paragraph 10 of the FAC.

11.   Responding to Paragraph 11, Defendants admit Philip R. Palumbo ("Palumbo") is a natural person who resides in San Diego County, California, and deny any and all other allegations set forth in Paragraph 11 of the FAC.

12.   Responding to Paragraph 12, Defendants admit the allegations therein.

13.   Responding to Paragraph 13, Defendants admit BodyROK Franchise, Limited Partnership is a Missouri limited partnership and BodyROK Franchise GP, Inc., is a Missouri corporation and BodyROK Franchise GP, Inc. is the general partner of BodyROK Franchise, Limited Partnership, and deny any and all other allegations set forth in Paragraph 13 of the FAC

14.   Responding to Paragraph 14, Defendants admit Exercise Technologies, L.P. ("Exercise Technologies") is a Missouri limited partnership and deny any and all other allegations set forth in Paragraph 14 of the FAC.

15.   Responding to Paragraph 15, Defendants admit the allegations therein.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-3-

16.    Responding to Paragraph 16, Defendants admit Sculpt Fitness Berkeley, LLC ("Sculpt Fitness") is a California limited liability company registered by Caroline Johnson and deny any and all other allegations set forth in Paragraph 16 of the FAC.

17.    Responding to Paragraph 17, Defendants deny any and all allegations set forth in Paragraph 17 of the FAC.

## IV.    BACKGROUND

### A.    The Lagree Fitness System

18.    Responding to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 18 of the FAC, and on that basis deny same.

19.    Responding to Paragraph 19, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the FAC, and on that basis deny same.

### 1.    Lagree MEGAFORMER Exercise Machine

20.    Responding to Paragraph 20, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the FAC, and on that basis deny same.

21.    Responding to Paragraph 21, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the FAC, and on that basis deny same.

22.    Responding to Paragraph 22, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the FAC, and on that basis deny same.

23.    Responding to Paragraph 23, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the FAC, and on that basis deny same.

24.    Responding to Paragraph 24, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the FAC, and on that

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-4-

basis deny same.

25.     Responding to Paragraph 25, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 25 of the FAC, and on that basis deny same.

26.     Responding to Paragraph 26, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 26 of the FAC, and on that basis deny same.

**2.**     The Lagree Method

27.     Responding to Paragraph 27, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 27 of the FAC, and on that basis deny same.

28.     Responding to Paragraph 28, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the FAC, and on that basis deny same.

29.     Responding to Paragraph 29, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the FAC, and on that basis deny same.

30.     Responding to Paragraph 30, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the FAC, and on that basis deny same.

**3.**     Lagree's Training Manual

31.     Responding to Paragraph 31, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the FAC, and on that basis deny same.

32.     Responding to Paragraph 32, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the FAC, and on that basis deny same.

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

-5-

ANSWER TO FIRST AMENDED COMPLAINT                    3:17-cv-00795-JST

**B.    Lagree's Intellectual Property**

33.    Responding to Paragraph 33, Defendants admit Lagree has sought and been granted more than one patent, more than one trademark registration, and more than one copyright registration.  Defendants lack knowledge or information sufficient to form a belief as to any and all remaining allegations set forth in Paragraph 33 of the FAC, and on that basis deny same.

**1.    Lagree Patents**

34.    Responding to Paragraph 34, Defendants admit that the patent-related documents speak for themselves and that those documents represent that Sebastien Lagree is listed as an inventor on U.S. Patent No. 8,641,585.  Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the FAC, and on that basis deny same.

35.    Responding to Paragraph 35, Defendants admit that the '585 Patent appears to be attached as Exhibit 1 to the FAC and admit that Defendants have represented that the Megaformer machine practices the '585 Patent.  Defendants lack knowledge or information sufficient to form a belief as to any and all remaining allegations set forth in Paragraph 35 of the FAC, and on that basis deny same.

36.    Responding to Paragraph 36, Defendants admit that the patent-related documents speak for themselves, appear to be attached as Exhibit 2 to the FAC, and that those documents represent that Sebastien Lagree and John C. Hamilton are listed as inventors on U.S. Patent No. 9,415,253, and Defendants admit that Defendants have represented that the Megaformer machine practices the '253 Patent.  Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 36 of the FAC, and on that basis deny same.

37.    Responding to Paragraph 37, Defendants admit that the patent-related documents speak for themselves, appear to be attached as Exhibit 3 to the FAC, and that those documents represent that Sebastien Lagree and John C. Hamilton are listed as inventors on U.S. Patent No. 9,498,667, and Defendants admit that Defendants have represented that the Megaformer machine practices the '667 Patent.  Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the FAC, and on that basis deny same.

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

-6-

38. Responding to Paragraph 38, Paragraph 38 merely purports to set forth a definition to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 of the FAC, and on that basis deny same.

### 2. Lagree Copyrights

39. Responding to Paragraph 39, Defendants admit that copyright-related documents speak for themselves, appear to be attached as Exhibits 4-5 to the FAC, and that those documents represent that those documents appear related to TXu 2-021-950 and TXu 2-026-210. Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 39 of the FAC, and on that basis deny same.

### 3. Lagree Registered Trademarks

40. Responding to Paragraph 40, Defendants deny any and all allegations set forth in Paragraph 40 of the FAC.

41. Responding to Paragraph 41, Defendants deny any and all allegations set forth in Paragraph 41 of the FAC.

42. Responding to Paragraph 42, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the FAC, and on that basis deny same.

43. Responding to Paragraph 43, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the FAC, and on that basis deny same.

44. Responding to Paragraph 44, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 44 of the FAC, and on that basis deny same.

45. Responding to Paragraph 45, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 45 of the FAC, and on that basis deny same.

46. Responding to Paragraph 46, Defendants lack knowledge or information

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-7-

sufficient to form a belief as to the allegations set forth in Paragraph 46 of the FAC, and on that basis deny same.

47.    Responding to Paragraph 47, Defendants admit some documents were attached as Exhibit 6 to the FAC related to five of the asserted service marks, but Defendants deny all relevant documents are attached.  Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 47 of the FAC, and on that basis deny same.

### 4.    Lagree Common Law Trademarks

48.    Responding to Paragraph 48, Defendants deny any and all allegations set forth in Paragraph 48 of the FAC.

49.    Responding to Paragraph 49, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 49 of the FAC, and on that basis deny same.

### C.    The Accused BodyRok Machine

50.    Responding to Paragraph 50, Defendants lack knowledge or information when or where the photograph attached as Figure 1 was taken.  Defendants admit Bodyrok machines similar to the one pictured in Figure 1 wereas featured at the opening of the BodyRok Mission studio in San Francisco, California.  Defendants lack knowledge or information sufficient to form a belief as to any and all remaining allegations set forth in Paragraph 50 of the FAC, and on that basis deny same.

51.    Responding to Paragraph 51, Defendants deny any and all allegations set forth in Paragraph 51 of the FAC.

52.    Responding to Paragraph 52, Defendants deny any and all allegations set forth in Paragraph 52 of the FAC.

53.    Responding to Paragraph 53, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the FAC, and on that basis deny same.

### D.    Plaintiffs Allegations of BodyRok's Alleged Infringing Activities and Offending Conduct

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-8-

54. Responding to Paragraph 54, Defendants deny any and all allegations set forth in Paragraph 54 of the FAC.

**1.** BodyRok Is a Former Lagree Licensee of Lagree

55. Responding to Paragraph 55, Defendants admit SPX Fitness entered into three licensing agreements and the agreements speak for themselves as to who the parties were to those agreements and the terms of those agreements, which related to certain California zip code locations in Carlsbad, the Marina in San Francisco, Danville and Walnut Creek. Defendants deny any and all allegations set forth in Paragraph 55 of the FAC.

56. Responding to Paragraph 56, Defendants admit that SPX Fitness licensed studios were opened in Carlsbad and the Marina in San Francisco and those studios used Megaformer M2 machines. Defendants deny any and all allegations set forth in Paragraph 56 of the FAC.

57. Responding to Paragraph 57, Defendants admit that no SPX Fitness-licensed Bodyrok studios were opened in Walnut Creek or Danville and the parties to those agreements entered into an agreement, which speaks for itself as to the parties were to that agreement and the terms of that agreement. Defendants deny any and all remaining allegations set forth in Paragraph 57 of the FAC.

**2.** Plaintiffs Alleged and Defendants Deny BodyRok was Formed to Compete with Lagree Fitness

58. Responding to Paragraph 58, Defendants deny any and all allegations set forth in Paragraph 58 of the FAC.

59. Responding to Paragraph 59, Defendants admit there was no license with Lagree related to the BodyRok Mission studio. Defendants deny any and all allegations set forth in Paragraph 59 of the FAC.

**3.** Plaintiffs Alleged and Defendants Deny BodyRok Copied the Patented Features of the Lagree Megaformer

60. Responding to Paragraph 60, Defendants deny any and all allegations set forth in Paragraph 60 of the FAC.

**4.** Plaintiffs Alleged and Defendants Deny BodyRok Copied the Lagree

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-9-

Manual for use at the BodyRok Mission Studio

61.    Responding to Paragraph 61, Defendants deny any and all allegations set forth in Paragraph 61 of the FAC.

62.    Responding to Paragraph 62, Defendants deny any and all allegations set forth in Paragraph 62 of the FAC.

63.    Responding to Paragraph 63, Defendants deny any and all allegations set forth in Paragraph 63 of the FAC.

64.    Responding to Paragraph 64, Defendants deny any and all allegations set forth in Paragraph 64 of the FAC.

     **5.**    Plaintiffs Alleged and Defendants Deny BodyRok Uses the Accused BodyRok Machines, Lagree Trademarks, and BodyRok Manual to Form Studios that Compete with Lagree

65.    Responding to Paragraph 65, Defendants admit that the Megaformer machines in the Marina studio were replaced with BodyRok reformer machines.  Defendants deny any and all remaining allegations set forth in Paragraph 65 of the FAC.

66.    Responding to Paragraph 66, Defendants deny any and all allegations set forth in Paragraph 66 of the FAC.

67.    Responding to Paragraph 67, Defendants deny any and all allegations set forth in Paragraph 67 of the FAC.

68.    Responding to Paragraph 68, Defendants deny any and all allegations set forth in Paragraph 68 of the FAC.

69.    Responding to Paragraph 69, Defendants deny any and all allegations set forth in Paragraph 69 of the FAC.

70.    Responding to Paragraph 70, Defendants deny any and all allegations set forth in Paragraph 70 of the FAC.

     **6.**    Plaintiffs Alleged and Defendants Deny BodyRok Franchise Uses the Infringing Machines and Copied Manual

71.    Responding to Paragraph 71, Defendants admit the allegations therein.

-10-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

72. Responding to Paragraph 72, Defendants admit the allegations therein.

73. Responding to Paragraph 73, Defendants deny any and all allegations set forth in Paragraph 73 of the FAC.

74. Responding to Paragraph 74, Defendants deny any and all allegations set forth in Paragraph 74 of the FAC.

75. Responding to Paragraph 75, Defendants admit BodyRok Berkeley is owned by defendant Sculpt Fitness and a franchise of BodyRok currently permitted to use the BodyRok name.  Defendants admit that BodyRok reformer machines are used at the BodyRok Berkeley studio.  Defendants deny any and all remaining allegations set forth in Paragraph 75 of the FAC.

76. Responding to Paragraph 76, Defendants deny any and all allegations set forth in Paragraph 76 of the FAC.

77. Responding to Paragraph 77, Defendants deny any and all allegations set forth in Paragraph 77 of the FAC.

78. Responding to Paragraph 78, Defendants admit a BodyRok studio in Petaluma has been advertised but has not yet opened.  Defendants deny any and all remaining allegations set forth in Paragraph 78 of the FAC.

79. Responding to Paragraph 79, Defendants deny any and all allegations set forth in Paragraph 79 of the FAC.

80. Responding to Paragraph 80, Defendants deny any and all allegations set forth in Paragraph 80 of the FAC.

81. Responding to Paragraph 81, Defendants deny any and all allegations set forth in Paragraph 81 of the FAC.

**7.** Plaintiffs Alleged and Defendants Deny BodyRok Has Traded on Sebastien Lagree's Name and Celebrity without Authorization

82. Responding to Paragraph 82, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 82 of the FAC, and on that basis deny same.

ANSWER TO FIRST AMENDED COMPLAINT                    3:17-cv-00795-JST

**8.** Plaintiffs Alleged and Defendants Deny BodyRok Has Caused Significant Damage to Plaintiffs

83. Responding to Paragraph 83, Defendants deny any and all allegations set forth in Paragraph 83 of the FAC, and Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 83 of the FAC related to a purported Yelp review, and on that basis deny same.

**9.** Defendants' and Related Entities' Relationship and Activities

84. Responding to Paragraph 84, Defendants deny each and every allegation set forth in Paragraph 84 of the FAC.

85. Responding to Paragraph 85, Defendants deny each and every allegation set forth in Paragraph 85 of the FAC.

86. Responding to Paragraph 86, Defendants deny each and every allegation set forth in Paragraph 86 of the FAC.

87. Responding to Paragraph 87, Defendants deny each and every allegation set forth in Paragraph 87 of the FAC.

88. Responding to Paragraph 88, Defendants deny each and every allegation set forth in Paragraph 88 of the FAC.

89. Responding to Paragraph 89, Defendants deny each and every allegation set forth in Paragraph 89 of the FAC.

90. Responding to Paragraph 90, Defendants deny each and every allegation set forth in Paragraph 90 of the FAC.

91. Responding to Paragraph 91, Defendants deny each and every allegation set forth in Paragraph 91 of the FAC.

92. Responding to Paragraph 92, Defendants admit the allegations therein.

93. Responding to Paragraph 93, Defendants admit the allegations therein.

94. Responding to Paragraph 94, Defendants deny each and every allegation set forth in Paragraph 94 of the FAC.

95. Responding to Paragraph 95, Defendants admit the allegations therein.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-12-

96.    Responding to Paragraph 96, Defendants deny each and every allegation set forth in Paragraph 96 of the FAC.

97.    Responding to Paragraph 97, Defendants admit the allegations therein.

98.    Responding to Paragraph 98, Defendants deny each and every allegation set forth in Paragraph 98 of the FAC.

99.    Responding to Paragraph 99, Defendants deny each and every allegation set forth in Paragraph 99 of the FAC.

100.    Responding to Paragraph 100, Defendants deny each and every allegation set forth in Paragraph 100 of the FAC.

101.    Responding to Paragraph 101, Defendants deny each and every allegation set forth in Paragraph 101 of the FAC.

102.    Responding to Paragraph 102, Defendants deny each and every allegation set forth in Paragraph 102 of the FAC.

103.    Responding to Paragraph 103, Defendants deny each and every allegation set forth in Paragraph 103 of the FAC.

104.    Responding to Paragraph 104, Defendants deny each and every allegation set forth in Paragraph 104 of the FAC.

105.    Responding to Paragraph 105, Defendants admit the allegations therein.

106.    Responding to Paragraph 106, Defendants admit the allegations therein.

107.    Responding to Paragraph 107, Defendants admit the allegations therein.

108.    Responding to Paragraph 108, Defendants admit the allegations therein.

109.    Responding to Paragraph 109, Defendants deny each and every allegation set forth in Paragraph 109 of the FAC.

110.    Responding to Paragraph 110 Defendants deny each and every allegation set forth in Paragraph 110 of the FAC.

111.    Responding to Paragraph 111, Defendants admit the allegations therein.

112.    Responding to Paragraph 112, Defendants admit the allegations therein.

113.    Responding to Paragraph 113, Defendants admit the allegations therein.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-13-

**E.      Defendants Received Written Notice of Their Patent Infringement**

114.    Responding to Paragraph 114, Paragraph 114 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants admit certain letters which are attached to the FAC as Exhibits 7-11 were received by certain Defendants or their counsel; Defendants deny all Defendants received all letters; Defendants deny the allegation that Defendants infringe any Lagree Patents and Defendants aver that the Lagree Patents are invalid; and Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 114 of the FAC, and on that basis deny same.

115.    Responding to Paragraph 115, Paragraph 115 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants deny each and every allegation set forth in Paragraph 115 of the FAC.

## V.      FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 9,415,253 – Carriage Side Handles)

116.    Responding to Paragraph 116, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

117.    Responding to Paragraph 117, Defendants deny any and all allegations set forth in Paragraph 117 of the FAC.

118.    Responding to Paragraph 118, Defendants deny any and all allegations set forth in Paragraph 118 of the FAC.

119.    Responding to Paragraph 119, Paragraph 119 purports to contain the text of a patent claim from a patent which is attached as an exhibit to the FAC and requires no response. To the extent a response is required, Defendants contend that the document speaks for itself, Defendants admit this appears to be a copy of the text of that patent claim which may require claim construction, Defendants deny that any words or phrases were emphasized in bold text, and Defendants deny any and all remaining allegations set forth in Paragraph 119 of the FAC.

120.    Responding to Paragraph 120, Defendants deny any and all allegations set forth in Paragraph 120 of the FAC.

-14-

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

121. Responding to Paragraph 121, Paragraph 121 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules. Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 121 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

122. Responding to Paragraph 122, Paragraph 122 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules. Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 122 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

123. Responding to Paragraph 123, Paragraph 123 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules. Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 123 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

124. Responding to Paragraph 124, Paragraph 124 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-15-

ANSWER TO FIRST AMENDED COMPLAINT                                      3:17-cv-00795-JST

Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 124 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

125.    Responding to Paragraph 125, Paragraph 125 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 125 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

126.    Responding to Paragraph 126, Paragraph 126 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 126 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

127.    Responding to Paragraph 127, Paragraph 127 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 127 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-16-

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

128. Responding to Paragraph 128, Paragraph 128 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules. Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 128 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

129. Responding to Paragraph 129, Paragraph 129 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules. Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 129 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

130. Responding to Paragraph 130, Paragraph 130 merely purports to set forth a legal conclusion to which no response is required. Alternatively, to the extent a response is necessary, Defendants admit certain Group I Defendants make, use, offer to sell, sell or import the Accused BodyRok reformer machines in the United States without Plaintiffs' authority. Defendants deny any and all remaining allegations set forth in Paragraph 130 of the FAC.

131. Responding to Paragraph 131, Defendants deny each and every allegation set forth in Paragraph 131 of the FAC.

132. Responding to Paragraph 132, Defendants deny each and every allegation set forth in Paragraph 132 of the FAC.

133. Responding to Paragraph 133, Defendants deny each and every allegation set forth in Paragraph 133 of the FAC.

134. Responding to Paragraph 134, Defendants deny each and every allegation set

-17-

forth in Paragraph 134 of the FAC.

135.   Responding to Paragraph 135, Defendants deny each and every allegation set forth in Paragraph 135 of the FAC.

136.   Responding to Paragraph 136, Defendants deny each and every allegation set forth in Paragraph 136 of the FAC.

## VI.   SECOND CAUSE OF ACTION

### (Infringement of U.S. Patent No. 9,498,667 – Carriage Side Handles)

137.   Responding to Paragraph 137, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

138.   Responding to Paragraph 138, Defendants deny each and every allegation set forth in Paragraph 138 of the FAC.

139.   Responding to Paragraph 139, Defendants deny each and every allegation set forth in Paragraph 139 of the FAC.

140.   Responding to Paragraph 140, Paragraph 140 purports to contain the text of a patent claim from a patent which is attached as an exhibit to the FAC and requires no response. To the extent a response is required, Defendants contend that the document speaks for itself, Defendants admit this appears to be a copy of the text of that patent claim which may require claim construction, Defendants deny that any words or phrases were emphasized in bold text, and Defendants deny any and all remaining allegations set forth in Paragraph 140 of the FAC.

141.   Responding to Paragraph 141, Defendants deny each and every allegation set forth in Paragraph 141 of the FAC.

142.    Responding to Paragraph 142, Paragraph 142 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 142 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-18-

later time in accordance with the Court schedule and the applicable Patent Local Rules.

143.     Responding to Paragraph 143, Paragraph 143 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 143 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

144.     Responding to Paragraph 144, Paragraph 144 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 144 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

145.     Responding to Paragraph 145, Paragraph 145 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 145 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

146.     Responding to Paragraph 146, Paragraph 146 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-19-

are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 146 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

147.    Responding to Paragraph 147, Paragraph 147 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 147 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

148.    Responding to Paragraph 148, Paragraph 148 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 148 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

149.    Responding to Paragraph 149, Paragraph 149 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 149 of the FAC, and on that basis deny same.  Defendants reserve their right to amend to admit or deny the existence of any claim elements at a

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-20-

later time in accordance with the Court schedule and the applicable Patent Local Rules.

150.    Responding to Paragraph 150, Paragraph 150 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 150 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

151.    Responding to Paragraph 151, Paragraph 151 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 151 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

152.    Responding to Paragraph 152, Paragraph 152 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 152 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

153.    Responding to Paragraph 153, Paragraph 153 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-21-

ANSWER TO FIRST AMENDED COMPLAINT                                3:17-cv-00795-JST

are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 153 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

154.     Responding to Paragraph 154, Paragraph 154 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 154 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

155.     Responding to Paragraph 155, Paragraph 155 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 155 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

156.     Responding to Paragraph 156, Paragraph 156 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 156 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-22-

later time in accordance with the Court schedule and the applicable Patent Local Rules.

157.    Responding to Paragraph 157, Paragraph 157 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 157 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

158.    Responding to Paragraph 158, Paragraph 158 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 158 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

159.    Responding to Paragraph 159, Paragraph 159 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants admit certain Group I Defendants make, use, offer to sell, sell or import the Accused BodyRok reformer machines in the United States without Plaintiffs' authority.  Defendants deny any and all remaining allegations set forth in Paragraph 159 of the FAC.

160.    Responding to Paragraph 160, Defendants deny each and every allegation set forth in Paragraph 160 of the FAC.

161.    Responding to Paragraph 161, Defendants deny each and every allegation set forth in Paragraph 161 of the FAC.

162.    Responding to Paragraph 162, Defendants deny each and every allegation set forth in Paragraph 162 of the FAC.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-23-

163. Responding to Paragraph 163, Defendants deny each and every allegation set forth in Paragraph 163 of the FAC.

164. Responding to Paragraph 164, Defendants deny each and every allegation set forth in Paragraph 164 of the FAC.

165. Responding to Paragraph 165, Defendants deny each and every allegation set forth in Paragraph 165 of the FAC.

## VII.   THIRD CAUSE OF ACTION

### (Infringement of U.S. Patent No. 8,641,585 – Rotatable Locking Handles)

166. Responding to Paragraph 166, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

167. Responding to Paragraph 167, Defendants deny each and every allegation set forth in Paragraph 167 of the FAC.

168. Responding to Paragraph 168, Defendants deny each and every allegation set forth in Paragraph 168 of the FAC.

169. Responding to Paragraph 169, Paragraph 169 purports to contain the text of a patent claim from a patent which is attached as an exhibit to the FAC and requires no response. To the extent a response is required, Defendants contend that the document speaks for itself, Defendants admit this appears to be a copy of the text of that patent claim which may require claim construction, Defendants deny that any words or phrases were emphasized in bold text, and Defendants deny any and all remaining allegations set forth in Paragraph 169 of the FAC.

170. Responding to Paragraph 170, Defendants deny each and every allegation set forth in Paragraph 170 of the FAC.

171. Responding to Paragraph 171, Paragraph 171 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 171 of the FAC, and on that basis deny same.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-24-

Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

172.    Responding to Paragraph 172, Paragraph 172 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 172 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

173.    Responding to Paragraph 173, Paragraph 173 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 173 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

174.    Responding to Paragraph 174, Paragraph 174 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 174 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

175.    Responding to Paragraph 175, Paragraph 175 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary,

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-25-

the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 175 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

176. Responding to Paragraph 176, Paragraph 176 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 176 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

177. Responding to Paragraph 177, Paragraph 177 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 177 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

178. Responding to Paragraph 178, Paragraph 178 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 178 of the FAC, and on that basis deny same.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-26-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

179.    Responding to Paragraph 179, Paragraph 179 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 179 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

180.    Responding to Paragraph 180, Paragraph 180 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 180 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

181.    Responding to Paragraph 181, Paragraph 181 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, the terms of the patent claim may be subject to claim construction and Plaintiffs and Defendants are required to provide their positions according to the schedule set by the Court and the Patent Local Rules.  Therefore, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 181 of the FAC, and on that basis deny same. Defendants reserve their right to amend to admit or deny the existence of any claim elements at a later time in accordance with the Court schedule and the applicable Patent Local Rules.

182.    Responding to Paragraph 182, Paragraph 182 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary,

ANSWER TO FIRST AMENDED COMPLAINT                                    3:17-cv-00795-JST

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendants admit certain Group I Defendants make, use, offer to sell, sell or import the Accused BodyRok reformer machines in the United States without Plaintiffs' authority.  Defendants deny any and all remaining allegations set forth in Paragraph 182 of the FAC.

183.   Responding to Paragraph 183, Defendants deny each and every allegation set forth in Paragraph 183 of the FAC.

184.   Responding to Paragraph 184, Defendants deny each and every allegation set forth in Paragraph 184 of the FAC.

185.   Responding to Paragraph 185, Defendants deny each and every allegation set forth in Paragraph 185 of the FAC.

186.   Responding to Paragraph 186, Defendants deny each and every allegation set forth in Paragraph 186 of the FAC.

187.   Responding to Paragraph 187, Defendants deny each and every allegation set forth in Paragraph 187 of the FAC.

188.   Responding to Paragraph 188, Defendants deny each and every allegation set forth in Paragraph 188 of the FAC.

## VIII.  FOURTH CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 501, *et seq.*)

189.   Responding to Paragraph 189, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

190.   Responding to Paragraph 190, Defendants deny each and every allegation set forth in Paragraph 190 of the FAC.

191.   Responding to Paragraph 191, Defendants deny each and every allegation set forth in Paragraph 191 of the FAC.

192.   Responding to Paragraph 192, Defendants deny each and every allegation set forth in Paragraph 192 of the FAC.

193.   Responding to Paragraph 193, Defendants deny each and every allegation set forth in Paragraph 193 of the FAC.

194.   Responding to Paragraph 194, Defendants deny each and every allegation set

-28-

forth in Paragraph 194 of the FAC.

195.    Responding to Paragraph 195, Defendants deny each and every allegation set forth in Paragraph 195 of the FAC.

## IX.    FIFTH CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 501, *et seq.*)

196.    Responding to Paragraph 196, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

197.    Responding to Paragraph 197, Defendants deny each and every allegation set forth in Paragraph 197 of the FAC.

198.    Responding to Paragraph 198, Defendants deny each and every allegation set forth in Paragraph 198 of the FAC.

199.    Responding to Paragraph 199, Defendants deny each and every allegation set forth in Paragraph 199 of the FAC.

200.    Responding to Paragraph 200, Defendants deny each and every allegation set forth in Paragraph 200 of the FAC.

201.    Responding to Paragraph 201, Defendants deny each and every allegation set forth in Paragraph 201 of the FAC.

202.    Responding to Paragraph 202, Defendants deny each and every allegation set forth in Paragraph 202 of the FAC.

## X.    SIXTH CAUSE OF ACTION

### (Trademark Infringement and Unfair Competition – 15 U.S.C. § 1051 et seq.)

203.    Responding to Paragraph 203, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

204.    Responding to Paragraph 204, Defendants deny each and every allegation set forth in Paragraph 204 of the FAC.

205.    Responding to Paragraph 205, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 205 of the FAC, and on that basis deny same.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-29-

206. Responding to Paragraph 206, Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 206 of the FAC, and on that basis deny same.

207. Responding to Paragraph 207, Defendants deny each and every allegation set forth in Paragraph 207 of the FAC.

208. Responding to Paragraph 208, Defendants deny each and every allegation set forth in Paragraph 208 of the FAC.

209. Responding to Paragraph 209, Defendants deny each and every allegation set forth in Paragraph 209 of the FAC.

210. Responding to Paragraph 210, Defendants deny each and every allegation set forth in Paragraph 210 of the FAC.

211. Responding to Paragraph 211, Defendants deny each and every allegation set forth in Paragraph 211 of the FAC.

212. Responding to Paragraph 212, Defendants deny each and every allegation set forth in Paragraph 212 of the FAC.

213. Responding to Paragraph 213, Defendants deny each and every allegation set forth in Paragraph 213 of the FAC.

## XI.    SEVENTH CAUSE OF ACTION

**(Trademark Infringement and Unfair Competition – 15 U.S.C. § 1051 et seq.)**

214. Responding to Paragraph 214, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

215. Responding to Paragraph 215, Defendants deny each and every allegation set forth in Paragraph 215 of the FAC.

216. Responding to Paragraph 216, Defendants deny each and every allegation set forth in Paragraph 216 of the FAC.

217. Responding to Paragraph 217, Defendants deny each and every allegation set forth in Paragraph 217 of the FAC.

218. Responding to Paragraph 218, Defendants deny each and every allegation set

-30-

ANSWER TO FIRST AMENDED COMPLAINT                                     3:17-cv-00795-JST

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

forth in Paragraph 218 of the FAC.

219.    Responding to Paragraph 219, Defendants deny each and every allegation set forth in Paragraph 219 of the FAC.

220.    Responding to Paragraph 220, Defendants deny each and every allegation set forth in Paragraph 220 of the FAC.

## XII.    EIGHTH CAUSE OF ACTION

### (Name Misappropriation – Cal. Civil Code § 3344)

221.    Responding to Paragraph 221, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

222.    Responding to Paragraph 222, Defendants deny each and every allegation set forth in Paragraph 222 of the FAC.

223.    Responding to Paragraph 223, Defendants deny each and every allegation set forth in Paragraph 223 of the FAC.

224.    Responding to Paragraph 224, Defendants deny each and every allegation set forth in Paragraph 224 of the FAC.

225.    Responding to Paragraph 225, Defendants deny each and every allegation set forth in Paragraph 225 of the FAC.

## XIII.   NINTH CAUSE OF ACTION

### (Name Misappropriation – Cal. Civil Code § 3344)

226.    Responding to Paragraph 226, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

227.    Responding to Paragraph 227, Defendants deny each and every allegation set forth in Paragraph 227 of the FAC.

228.    Responding to Paragraph 228, Defendants deny each and every allegation set forth in Paragraph 228 of the FAC.

229.    Responding to Paragraph 229, Defendants deny each and every allegation set forth in Paragraph 229 of the FAC.

230.    Responding to Paragraph 230, Defendants deny each and every allegation set

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-31-

forth in Paragraph 230 of the FAC.

## XIV.  TENTH CAUSE OF ACTION

### (Unlawful and Fraudulent Business Practices – Cal. Bus. & Prof. Code § 17200, *et seq*.)

231.    Responding to Paragraph 231, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

232.    Responding to Paragraph 232, Defendants deny each and every allegation set forth in Paragraph 232 of the FAC.

233.    Responding to Paragraph 233, Paragraph 233 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants deny each and every allegation set forth in Paragraph 233 of the FAC.

234.    Responding to Paragraph 234, Defendants deny each and every allegation set forth in Paragraph 234 of the FAC.

235.    Responding to Paragraph 235, Defendants deny each and every allegation set forth in Paragraph 235 of the FAC.

236.    Responding to Paragraph 236, Paragraph 236 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants deny each and every allegation set forth in Paragraph 236 of the FAC.

237.    Responding to Paragraph 237, Paragraph 237 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants deny each and every allegation set forth in Paragraph 237 of the FAC.

## XV.   ELEVENTH CAUSE OF ACTION

### (California Common Law Unfair Competition)

238.    Responding to Paragraph 231, Defendants incorporate by reference all of the above paragraphs of this answer as though fully stated herein.

239.    Responding to Paragraph 239, Paragraph 239 merely purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Defendants deny each and every allegation set forth in Paragraph 239 of the FAC.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-32-

240.    Responding to Paragraph 240, Defendants deny each and every allegation set forth in Paragraph 240 of the FAC.

241.    Responding to Paragraph 241, Defendants deny each and every allegation set forth in Paragraph 241 of the FAC.

## XVI.  AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants hereby set forth the following matters constituting avoidance or affirmative defenses, without admitting or acknowledging that Defendants bear the burden of proof as to any of them.

## FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

Defendants have not and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the asserted patents (collectively "Asserted Patents")

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

On information and belief, each of the asserted claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

On information and belief, Plaintiffs are estopped from construing any claim of the patents-in-suit to cover or include, either directly or indirectly, either literally or by application of the doctrine of equivalents, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by Defendants because of actions taken and arguments made before the United States Patent and Trademark Office during the prosecution of the Asserted Patents, or other patents in the same patent family as the Asserted Patents.

## FOURTH AFFIRMATIVE DEFENSE

### (Fraud and Inequitable Conduct)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' claimed

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-33-

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

intellectual property rights were obtained and/or maintained by fraud, including but not limited to the following allegations made on information and belief.  Defendants allege on information and belief that Plaintiffs' patent claims are barred because Plaintiffs and their counsel engaged in inequitable conduct and fraud on the USPTO in their applications and prosecution of the Asserted patents and family of patents by misrepresenting the state of the art and their knowledge of prior art machines and patents and failure to disclose prior art material to patentability, including for example, SPX Fitness's Megaformer machine that was advertised on SPX Fitness's website for more than a year prior to the earliest filing date for the Asserted Patens and the Megaformer M2 which was sold/leased/licensed to Defendants or affiliated entities more than a year prior to certain patent applications and was subject to the trade dress previously asserted against Defendants, along with Megaformer M2S trade dress asserted in the preceding lawsuit which claimed 5 or 6 years of use prior to 2015 in order to obtain rights to the asserted trade dress .  Defendants allege on information and belief that Plaintiffs' copyright claims are barred because Plaintiffs and their counsel engaged in fraud on the Copyright Office in their application for registration by misstating authorship, ownership, and/or making incorrect deposits or statements regarding publication and/or contents of what was published and what were new to those published works.  Defendants allege on information and belief that Plaintiffs' trademark claims are barred because Plaintiffs and their counsel engaged in fraud on the USPTO in their applications for service marks by claiming false dates of first use, claiming rights to manipulated marks, misrepresenting the list of claimed goods and services, claiming that others in the industry were not using the same or similar words or phrases for exercises, and submitting other false statements including declarations and fabricated specimens and specimens that do not show the mark used in commerce as a trademark or service mark.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Register)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not properly registered their works with the U.S. Copyright Office.

-34-

## SIXTH AFFIRMATIVE DEFENSE

### (No Rights to Claimed Intellectual Property)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own or have rights in the alleged intellectual property, patents, trademarks, and copyrighted works, names, likeness, exercises, method, and other alleged or claimed rights.

## SEVENTH AFFIRMATIVE DEFENSE

### (Misuse)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs misused their purported intellectual property, patents, trademarks, and copyrights.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Acquiescence, Laches, Delay)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and/or laches and delay on the part of the Plaintiffs to the prejudice of Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants have at all times acted in good faith and has not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines. Plaintiffs' claims are barred because Defendants' conduct was in good faith and with no willful intent.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringer)

If it is determined that there was infringement, which is denied, Defendants were each an innocent infringer.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-35-

ANSWER TO FIRST AMENDED COMPLAINT                                3:17-cv-00795-JST

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimus*)

Plaintiffs' claims are barred, in whole or in part, because any use of the allegedly infringed works was *de minimis*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use for copyrights and trademarks and nominative fair use for trademarks and accurate statements of alleged trademarks, names, and likeness, and unfair competition and common law claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Authorized, Licensed, Consent, and Acquiescence)

Plaintiffs' claims are barred, in whole or in part, to the extent the allegedly unlawful or infringing use of the alleged intellectual property, including copyrights, trademarks, name, and likeness, at issue were licensed or otherwise authorized (express or implied) by persons or entities with the right to license or authorize such use. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' authority, license, consent and acquiescence to Defendants' use. Plaintiffs directed, ordered, approved, and/or ratified Defendants' conduct, thereby barring Plaintiffs from seeking the relief prayed for in Plaintiffs' complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiffs' claims are barred, in whole or in part, to the extent causes of action and intellectual property rights were abandoned, such as trademark claims related to service marks that were abandoned, including but not limited to Plaintiffs failure to license and control or naked licensing of the alleged marks or exercise names and poor efforts to ensure compliance with license agreements or even provide notice to licensees/franchisees of what intellectual property Plaintiffs claimed to have any ownership interest in, such as trademarks, service marks, patents, copyrights, etc. Further, previously causes of action, including two patents and two trade dress claims have been withdrawn by Plaintiffs, not re-asserted, and abandoned with

-36-

respect to these Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Illegal Franchise)

Plaintiffs' claims are barred, in whole or in part, to the extent the Plaintiffs and Counter-Defendants were inappropriately using license agreements instead of franchise agreements, and violated federal, state, and/or local rules and regulations regarding requirements for franchises, including for example, payments to the franchise board(s) and/or compliance with requirements from governing body(ies) related to payments, notice, and trademarks.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Authorized, Licensed, Consent, and Acquiescence)

Plaintiffs' claims are barred, in whole or in part, to the extent the allegedly unlawful or infringing use of the alleged intellectual property, including copyrights, trademarks, name, and likeness, at issue were licensed or otherwise authorized (express or implied) by persons or entities with the right to license or authorize such use.  Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' authority, license, consent and acquiescence to Defendants' use. Plaintiffs directed, ordered, approved, and/or ratified Defendants' conduct, thereby barring Plaintiffs from seeking the relief prayed for in Plaintiffs' complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate, etc.)

Plaintiffs have failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish his alleged damages, in whole or in part, and as a result of such failure and refusal to undertake reasonable mitigation efforts, Plaintiffs' purported claims for damages are barred in their entirety.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

Plaintiffs' claims are barred, in whole or part, by the doctrine of *in pari delicto*.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-37-

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

## TWENTIETH AFFIRMATIVE DEFENSE

### (Substantial Non-Infringing Use)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of substantial non-infringing use, although Defendants submit that Plaintiffs bear the burden of proving the doctrine's inapplicability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

Plaintiffs' claims are barred, in whole or in part, for lack of subject matter jurisdiction to the extent that Plaintiffs lack valid registrations for or rights to the intellectual property rights asserted.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Abandonment)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have forfeited or abandoned the intellectual property being asserted herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees, Failure to Register)

One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in party, to the extent that they are brought outside of the applicable statute of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Join)

Plaintiffs have failed to join an indispensable party and/or has failed to join the real party in interest. Plaintiffs' claims are barred to the extent Plaintiffs lacks standing.

-38-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Volitional Act, Justified)

Plaintiffs' claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendants.  Defendants' acts or omissions with respect to the matters alleged in the complaint were privileged and/or justified and, by reason of the foregoing, Plaintiffs are barred from recovery against these answering Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs' claims are barred in that they seek excessive damages from Defendants that would result in Plaintiffs' unjust enrichment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (First Amendment of the Constitution)

Plaintiffs' claims are barred to the extent that Defendants' actions and speech are protected by the First Amendment of the Constitution of the United States, including but not limited to those claims relating to trademarks, copyrights, names and likeness, and unfair competition or common law claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Knowledge)

Plaintiffs' claims are barred, in whole or in part, to the extent Defendants lacked knowledge (actual or imputed) that the allegedly infringing work was subject to intellectual property rights, such as alleged copyright protection, patents, or trade marks, including but not limited to those asserted intellectual property rights which were not sought nor obtained until recently.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

On information and belief, Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs are neither immediate nor irreparable, and Plaintiffs appear they would have an adequate remedy at law.  Plaintiffs are not entitled to any injunctive or

ANSWER TO FIRST AMENDED COMPLAINT                          3:17-cv-00795-JST

declaratory relief because there is no threat of future harm to him by these answering Defendants and Plaintiffs previously failed to bring this claims in the first lawsuit and delayed in bringing these claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Limitation on Damages)

The relief sought by Plaintiffs based on Defendants' alleged infringement of the patents-in-suit is limited by statute, including without limitation, by 35 U.S.C. §§286 and/or 287, and limited for Plaintiffs that do not practice the invention.  In addition, to the extent Plaintiffs recover from another entity or any other Defendant(s) based on incorporation of another Defendants' products or actions, Plaintiffs are not entitled to double recovery from Defendants, or each of them.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Defendants reserve the right to add any additional defenses that discovery may reveal, particularly based on evidence in Plaintiffs' or Counter-Defendants' or third parties' possession, including evidence to further support Defendants' affirmative defenses and allegations related to fraud, inequitable conduct, and misrepresentations made by Plaintiffs or Counter-Defendants and their counsel.

DATED:  April 28, 2017                    GORDON REES SCULLY MANSUKHANI, LLP


By:     /s/ Robert P. Andris
        Robert P. Andris
        Kevin W. Alexander
        Michael D. Kanach
        Attorneys for Defendants,
        SPARTACUS 20TH LP. ;
        SPARTACUS 20TH G.P., INC.;
        PHILIP R. PALUMBO;
        JAKOB IRION;
        BODYROK FRANCHISE, L.P.;
        BODYROK FRANCHISE G.P., INC.;
        EXERCISE TECHNOLOGIES, L.P.;
        BODYROK MARINA, L.P.;
        SCULPT FITNESS BERKELEY, LLC

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

1134528/32486554v.1

-40-

ANSWER TO FIRST AMENDED COMPLAINT                    3:17-cv-00795-JST