ROBERT P. ANDRIS  (SBN 130290)
*randris@grsm.com*
MICHAEL D. KANACH  (SBN 271215)
*mkanach@grsm.com*
GORDON & REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: 415.986.5900
Facsimile: 415.986.8054

KEVIN W. ALEXANDER  (SBN 175204)
*kalexander@grsm.com*
GORDON & REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
San Diego, CA 92101
Telephone:  (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendants,
SPARTACUS 20TH L.P.;
SPARTACUS 20TH G.P., INC.;
PHILIP R. PALUMBO;
JAKOB IRION;
BODYROK FRANCHISE, L.P.;
BODYROK FRANCHISE G.P., INC.;
EXERCISE TECHNOLOGIES, L.P.;
BODYROK MARINA, L.P.;
SCULPT FITNESS BERKELEY, LLC

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

| | |
|---|---|
| LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC., MAXIMUM FITNESS INCORPORATED, and SEBASTIEN LAGREE, <br><br> Plaintiffs, <br><br> vs. <br><br> SPARTACUS 20TH LP., SPARTACUS 20TH G.P., INC., PHILIP R. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., BODYROK MARINA, L.P., SCULPT FITNESS BERKELEY, LLC and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO.  3:17-cv-00795-JST <br><br> **DEFENDANTS' COUNTERCLAIMS FOR:** <br> **1. DECLARATORY RELIEF FOR NONINFRINGEMENT OF PATENTS** <br> **2. DECLARATORY RELIEF FOR INVALIDITY OF PATENTS** <br> **3. DECLARATORY RELIEF FOR INVALIDITY OF TRADE DRESS** <br> **4. DECLARATORY JUDGMENT THAT EXERCISES AND EXERCISE NAMES ARE NOT PROTECTABLE UNDER COPYRIGHT OR TRADEMARK LAW** <br> **5. UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)** |

SPARTACUS 20TH LP., SPARTACUS 20TH )
G.P., INC., PHILIP R. PALUMBO, JAKOB )
IRION, BODYROK FRANCHISE, L.P., )
BODYROK FRANCHISE G.P., INC., EXERCISE )
TECHNOLOGIES, L.P., BODYROK MARINA, )
L.P., and SCULPT FITNESS BERKELEY, LLC, )
                                                                    )
                                    Counter-Plaintiff, )
                                                                    )
        vs.                                                     )
                                                                    )
LAGREE TECHNOLOGIES, INC., LAGREE )
FITNESS, INC., MAXIMUM FITNESS )
INCORPORATED, and SEBASTIEN LAGREE, )
and SPX FITNESS, INC., and ROES 1 through 10, )
inclusive, )
                                                                    )
                                    Counter-Defendants. )
                                                                    )

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

ANSWER TO COMPLAINT                                            3:17-cv-00795-JST

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendants Spartacus 20th L.P., Spartacus 20th G.P., Inc., Philip R. Palumbo, Jakob Irion, BodyROK Franchise, Limited Partnership, BodyROK Franchise GP, Inc., Exercise Technologies, L.P., BodyRok Marina, L.P., Sculpt Fitness Berkeley, LLC, (collectively Defendants and Counter-Plaintiffs) hereby file these Counterclaims against Plaintiffs Lagree Technologies, Inc., Lagree Fitness, Inc. Maximum Fitness Incorporated, and Sebastien Lagree ("Plaintiffs") and SPX Fitness, Inc. and ROES 1-10, inclusive, (collectively, with Plaintiffs, as "Counter-Defendants") as follows:

## COUNTERCLAIMS

As counterclaims against Counter-Defendants, Defendants/Counter-Plaintiffs allege as follows:

## I.   NATURE OF THIS ACTION

1.   Plaintiffs and Counter-Defendants have filed lawsuits and threatened to file lawsuits against Defendants involving various claims of infringement of their intellectual property: including patents, trademarks/service marks, trade dress, copyrights, and other similar or related claims.

2.   Plaintiffs and Counter-Defendants have shown a pattern and practice of making misrepresentations to the USPTO and Copyright Office and because the intellectual property sought and/or registered does not apply to what is claimed to be protected.

3.   Defendants alleged upon information and belief that such intellectual property rights being asserted and threatened to be asserted are invalid for various reasons including fraud on the USPTO and Copyright Office and because the intellectual property sought and/or registered does not apply to what is claimed to be protected.

## II.   JURISDICTION AND VENUE

4.   By these counterclaims, Defendants seek declarations pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, of rights and obligations governed by the patent laws of the United States, 28 U.S.C. §1, et seq.

5.   This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

-1-

6.      By commencing this action in this Court, Plaintiffs have consented to this Court's exercise of personal jurisdiction over it.

7.      Plaintiffs recognized this case is "related" to the previous dispute involving one of the same Plaintiffs, Sebastien Lagree, and several of the same Defendants as the previous lawsuit (Case 3:15-cv-04592-JST).

8.      An actual controversy exists under the Declaratory Judgment Act because Plaintiffs have asserted infringement of trade dress and patents in the past, and are continuing to assert infringement of the three additional Asserted Patents by Defendants, asserting six registered service marks and 31 common law service marks, two copyrights, and additional causes of action and Defendants deny those assertions.

9.      Plaintiff Lagree and SPX Fitness, Inc. previously asserted one patent and two trade dress causes of action, and voluntarily dismissed them with prejudice before those defendants filed an answer (Case 3:17-cv-00795-JST, ECF 38).

10.     In opposing those defendants' motion for attorneys fees, Lagree and SPX Fitness argued that defendants were not the prevailing parties and it was "impossible for Lagree Fitness's voluntary dismissal to have 'sufficient judicial imprimatur to constitute a "judicially sanctioned change in the legal relationship of the parties,"' and Lagree Fitness 'is free to refile its action.'" (Case 3:15-cv-04592-JST, ECF 62, 10:21-24).

11.     Lagree's introduction provided its position that it could refile these claims: "Because they were dismissed without prejudice, it is also squarely within Lagree Fitness's rights to refile them." (Case 3:15-cv-04592-JST, ECF 62, 1:6-7).

12.     Lagree continued to threaten he could file the same claims, stating, "Again, in view of Lagree Fitness's dismissal without prejudice, Lagree Fitness has the right to refile based upon BodyRok's past, present, or future conduct." (Case 3:15-cv-04592-JST, ECF 62, 12:3-5).

13.     Lagree again repeated this threat to refile those claims, "Lagree Fitness is not barred from bringing the same claims." (Case 3:15-cv-04592-JST, ECF 62, 12:6-7).

14.     After the previous lawsuit was dismissed, Lagree and SPX Fitness transferred rights in intellectual property to the Plaintiffs.

-2-

ANSWER TO COMPLAINT                                      3:17-cv-00795-JST

15.     After the previous lawsuit was dismissed, Plaintiffs filed with the USPTO and Copyright Office numerous additional patent applications, trademark applications, and copyright registrations.

16.     In the months preceding this lawsuit, Lagree's counsel sent numerous letters to certain Defendants threatening to sue them with respect to certain specific patent claims, followed up with additional letters to certain Defendants regarding other patent claims.  See e.g., FAC, Exhibits 7-11.

17.     Plaintiffs' FAC omits one patent from the Original Complaint in this case and omits the patent and trade dress from the previous lawsuit, yet Plaintiffs have not covenanted not to sue Defendants with respect to those filed and threatened intellectual property rights.

### III.   PARTIES

#### A.   Plaintiffs and Counter-Defendants

18.     Upon information and belief, Plaintiff Lagree Technologies, Inc. ("Lagree Technologies") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3098 North California Street, Burbank, California 91504.

19.     Lagree Technologies was registered with the California Secretary of State on September 2, 2015.

20.     Upon information and belief, Plaintiff Lagree Fitness, Inc. ("Lagree Fitness") is a corporation organized and existing under the laws of the State of California, with its principal place of business at 3098 North California Street, Burbank, California 91504.

21.     Lagree Fitness was registered with the California Secretary of State on February 26, 2014.

22.     Upon information and belief, Plaintiff Maximum Fitness Incorporated ("Maximum Fitness") is a corporation organized and existing und the laws of Oregon, with its principal place of business at 10015 Fairview Road, Tillamook, Oregon 97141.

23.     Maximum Fitness was registered with the Oregon Secretary of State on June 18, 2012.

24.     Upon information and belief, Plaintiff Sebastien Lagree ("Lagree") is a natural

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-3-

person who resides in Los Angeles County, California.

25.     Upon information and belief, SPX Fitness, Inc. ("SPX Fitness") is a corporation organized and existing under the laws of California, with its principal place of business at 3098 North California Street, Burbank, California 91504.

26.     SPX Fitness was registered with the California Secretary of State on November 14, 2008.

27.     SPX Fitness was a named Plaintiff in the previous, related lawsuit (Northern District of California, Case No. 3:15-cv-04592-JST).

28.     SPX Fitness is listed as an "active" company on the California Secretary of State website, was a party to relevant license agreements associated with the BodyRok Marina and BodyRok Carlsbad locations, was referenced in the FAC, but was not named in the Complaint or FAC as a Plaintiff.

29.     Defendants/Counter-Plaintiffs are without full information regarding the true names and capacities of the Counter-Defendants sued herein as Roes 1 through 10, inclusive. Defendants/Counter-Plaintiffs will amend to allege their true names and capacities when ascertained.

**B.     Defendants and Counter-Plaintiffs**

30.     Defendant and Counter-Plaintiff Spartacus 20th L.P. is a Nevada limited partnership, with a secretary of state address listed of 1900 Western Avenue, Las Vegas, Nevada 89021.

31.     Defendant and Counter-Plaintiff Spartacus 20th G.P., Inc. is a Nevada corporation, with a secretary of state address listed of 1900 Western Avenue, Las Vegas, Nevada 89021.  Defendant and Counter-Plaintiff Spartacus 20th G.P., Inc. is a general partner of Spartacus 20th L.P.

32.     Defendant and Counter-Plaintiff Philip R. Palumbo ("Palumbo") is a natural person who resides in San Diego County, California.

33.     Defendant and Counter-Plaintiff Jakob Irion ("Irion") is a natural person who resides in San Francisco County, California.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-4-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

34.     Defendant and Counter-Plaintiff BodyROK Franchise, Limited Partnership is a Missouri limited partnership with a secretary of state address listed of 2269 Chestnut Street, Suite 388, San Francisco, California 94123. BodyROK Franchise GP, Inc., is a Missouri corporation with a secretary of state address listed of 2269 Chestnut Street, Suite 388, San Francisco, California 94123.

35.     Defendant and Counter-Plaintiff Exercise Technologies, L.P. ("Exercise Technologies") is a Missouri limited partnership with a secretary of state listed address of 2269 Chestnut Street, Suite 388, San Francisco, California 94123.

36.     Defendant and Counter-Plaintiff BodyRok Marina, L.P. is a California limited partnership with a listed secretary of state address of 7040 Avenida Encinas, Suites 104-148, Carlsbad, California 92011.

37.     Sculpt Fitness Berkeley, LLC ("Sculpt Fitness") is a California limited liability company registered by Caroline Johnson with a principal place of business at 1601 University Ave, Berkeley California, 94703.

## IV.   BACKGROUND

38.     Upon information and belief, Lagree has taught and continues to teach Pilates-style classes on a reformer.

39.     According to the FAC, and upon information and belief, Lagree's reformers, classes, and exercises have evolved over time.

40.     Lagree licenses his Pilates-style classes and required studios enter into license agreements, not franchise agreements, when they initially purchase or lease Plaintiffs' reformer machines.

41.     BodyRok also teaches Pilates-style classes on a reformer.

42.     BodyRok studios may also have other classes, including cycling "spin" classes and/or yoga classes.

43.     Pilates are generic for the exercise commonly known as "Pilates."

44.     Over the last several years, the BodyRok reformers have been designed, made, and used in BodyRok classes.

-5-

ANSWER TO COMPLAINT                                                    3:17-cv-00795-JST

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

45. BodyRok was dissatisfied with Lagree's Megaformer machines and Lagree's and SPX Fitness's responsiveness to complaints regarding the Megaformer machines.

46. BodyRok franchises its name to studios for use of BodyRok reformer machines.

47. BodyRok has various locations, including the Marina and Carlsbad locations. The Carlsbad location moved to Encinitas.

48. The BodyRok Marina and BodyRok Carlsbad locations were formerly licenses of SPX Fitness, and were authorized and licensed to use Lagree machines and had Megaformer M2 machines in them.

49. The license agreements not only expressly permitted BodyRok Marina and BodyRok Carlsbad and their employees to review Lagree materials and teach classes using the information from those materials, but the license agreements also required those teachers be certified and teach the exercises pursuant to Lagree's instructions.

50. The license agreements did not mention any of the asserted trademarks (whether registered or unregistered common law marks).

**A.      The Lagree Fitness System**

**1.**      Lagree MEGAFORMER Exercise Machine

51. Upon information and belief, Lagree's first reformer machine was advertised under the name Proformer.

52. Upon information and belief, Lagree's second reformer machine was advertised under the name Megaformer.

53. Upon information and belief, the Megaformer machine was first sold under the name Megaformer, and later was advertised as the "M2" – followed by the M2S, M3, and M3S versions, which are all considered by Lagree to be Megaformers.

54. Advertising shows the Megaformer for sale at least as early as May 1, 2010.

55. For example, the Megaformer machine was advertised for sale on the SPX Fitness website, for example, at least as early as May 1, 2010, as reflected by the Internet Archive Wayback Machine on the following webpage:

https://web.archive.org/web/20100501142110/http://spxfitness.com/index.php?option=com_cont

-6-

ent&view=article&id=32&Itemid=3

56.     The Lagree Fitness website today includes a list of Megaformers, including the M2, M2S, M3, and M3S, as well as a statement as to which patent(s) Lagree contends each Megaformer practices.

**2.**     The Lagree Method

57.     Lagree claims the Lagree Method is an evolving set of instructions for how to perform exercises and instructions for teachers of Pilates-style classes.

58.     Upon information and belief, Lagree's website www.lagreefitness.com contains no notice of trademarks or service marks for names of exercises.

59.     Upon information and belief, Lagree's website www.lagreefitness.com listed only the following trademarks: "LAGREE FITNESS®, LAGREE METHOD™, the Lagree Fitness logo®, LAGREE®, MEGAFORMER®, SUPRAFORMER®, IFORMER™, and YOU'RE WELCOME® are registered trademarks that are owned by Lagree Fitness, Inc." (https://www.lagreefitness.com/content/page/legal, last checked April 28, 2017).

60.     Upon information and belief, Lagree's manual contains no notice of alleged trademarks or service marks associated with the names of exercises.

61.     Upon information and belief, Lagree's website www.lagreefitness.com contains no notice of alleged rights in copyrights related to exercises or the manual.

62.     Upon information and belief, Lagree's website www.lagreefitness.com contained no notice of alleged rights in copyrights prior to 2015.

63.     Upon information and belief, Lagree's manual contains no notice of alleged rights in any copyrights, such as date of copyright or notice of ownership.

64.     Lagree owns no trademarks or service marks for exercise names, because methods can only be protected as patents.

65.     Lagree owns no copyright protection to the sequence of exercises or a sequence of moves within an exercise, because methods of exercise can only be protected as patents.

66.     Lagree has advertised on the Lagree Fitness website, www.lagreefitness.com, that Plaintiffs own numerous patents (https://www.lagreefitness.com/content/page/patents, last

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-7-

checked April 28, 2017).

The following patents are owned by Lagree Technologies, Inc. This page is intended to serve as notice under 35 U.S.C. § 287(a).

**PROFORMER**

- ISSUED PATENTS: U.S. Patent No. 7,803,095.

**MEGAFORMER (M2)**

- ISSUED PATENTS: U.S. Patent Nos. 8,641,585; 9,072,931; 9,119,989; 9,457,225; 9,533,185; and 9,597,545.

- PATENT APPLICATIONS: United States Patent Pending.

**MEGAFORMER (M2S)**

- ISSUED PATENTS: U.S. Patent Nos. 8,641,585; 9,072,931; 9,119,989; 9,138,606; 9,415,253; 9,457,225; 9,457,225; 9,498,667; 9,533,185; and 9,597,545.

- PATENT APPLICATIONS: United States Patent Pending.

**MEGAFORMER (M3)**

- ISSUED PATENTS: U.S. Patent Nos. 8,641,585; 9,072,931; 9,119,989; 9,138,606; 9,415,253; 9,457,225; 9,474,924; 9,474,927; 9,498,667; 9,533,185; 9,522,299; 9,579,536; 9,586,081; and 9,597,545.

- PATENT APPLICATIONS: United States Patent Pending.

**MEGAFORMER (M3S)**

- ISSUED PATENTS: U.S. Patent Nos. 8,641,585; 9,072,931; 9,119,989; 9,138,606; 9,211,440; 9,283,422; 9,415,253; 9,457,225; 9,474,924; 9,474,927; 9,498,667; 9,533,185; 9,522,299; 9,555,282; 9,579,536; 9,586,081; and 9,597,545.

- PATENT APPLICATIONS: United States Patent Pending.

**SUPRAFORMER**

- ISSUED PATENTS: U.S. Patent Nos. 9,072,931; 9,211,440; 9,370,679; 9,415,253; 9,457,225; 9,474,926; 9,498,667; 9,533,185; 9,533,184; and 9,579,555.

- PATENT APPLICATIONS: United States and International Patent Pending

**THE RAMP**

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-8-

ANSWER TO COMPLAINT                                          3:17-cv-00795-JST

- ISSUED PATENTS: U.S. Patent No. 9,545,535.

- PATENT APPLICATIONS: United States Patent Pending

SELF-STANDING POLE

- ISSUED PATENTS: U.S. Patent 9,457,216

**OTHER PATENTS THAT MAY APPLY TO LAGREE PRODUCTS**

- ISSUED PATENTS: U.S. Patent Nos. 9,393,454; D772, 992; 9,517,375; and 9,586,089.

67.    Upon information and belief, Lagree contends the foregoing list is accurate as to Lagree's position of which Lagree reformer practices each patent.

68.    Lagree has advertised on social media, such as Facebook and Twitter that the Lagree Method is patented.

69.    The Lagree Method is not patented.

70.    Lagree owns no patents for any exercise methods for the "Lagree Method" as used on the Proformer or Megaformer machines.

71.    Lagree owns no patents for any exercises listed in the FAC.

72.    The only patent or patents that Lagree owns for methods of exercise are particularly tied to an exercise machine that is different from the Proformer and Megaformer.

**3.**    Lagree's Training Manual

73.    Upon information and belief, Lagree's training manual has evolved and been modified over the years.

74.    Lagree's asserted registered copyright for the 2014 version of the exercise manual is not the first version of Lagree's manual.

75.    Lagree's asserted registered copyright for the 2017 version of the exercise manual is not the first version of Lagree's manual.

**Lagree's Intellectual Property**

76.    Plaintiffs previously asserted two additional patents which are not asserted against Defendants in the FAC.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-9-

ANSWER TO COMPLAINT                                                3:17-cv-00795-JST

77.     U.S. Patent No. 9,457,225 ("the '225 patent") was asserted in the initial Complaint in this case. ECF 1.

78.     U.S. Patent No. 9,072,931 (the '931 patent) was asserted previously against certain defendants in a previous lawsuit (Case 3:15-cv-04592-JST, ECF 1 and 1-1).

79.     Neither the '225 Patent or the '931 Patent were asserted in the FAC.

80.     Upon information and belief, the Megaformer M2 practices the '225 Patent.

81.     Upon information and belief, the Megaformer M2 practices the '931 Patent.

82.     Upon information and belief, the Megaformer M2S practices the '225 Patent.

83.     Upon information and belief, the Megaformer M2S practices the '931 Patent.

84.     Upon information and belief, the application that led to the issuance of the '225 Patent was filed more than a year after the sale of a Megaformer M2.

85.     Upon information and belief, the application that led to the issuance of the '931 Patent was filed more than a year after the sale of a Megaformer M2.

86.     Upon information and belief, the application that led to the issuance of the '931 Patent was filed more than a year after the sale of a Megaformer M2S.

87.     Likewise, Plaintiffs previously asserted trade dress for both the M2 and the M2S against certain defendants in a previous lawsuit.

88.     The trade dress for the Megaformer M2 is not being asserted against Defendants in the FAC in the present lawsuit.

89.     The trade dress for the Megaformer M2S is not being asserted against Defendants in the FAC in the present lawsuit.

90.     The Megaformer M2 trade dress is described as follows:

**Registered Trademark No. 4,849,314**

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-10-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

| Description of Mark: |
| --- |
| The mark consists of a three-dimensional configuration of the non-functional aspects of an exercise machine known as the Megaformer M2. The mark consists of the rounded edges of the top and bottom of the middle sliding carriage, the inwardly angled lateral sides of the middle sliding carriage, and the side edges of the middle sliding carriage, substantially overhanging over the rails. The broken lines indicate placement of the mark on the goods and are not part of the mark. |

| | |
| --- | --- |
| First Use: | **Jan. 2, 2008** |
| First Use in Commerce: | **Jan. 6, 2008** |
| Date Application was Filed: | Oct. 6, 2014 |
| Date Registered: | Nov. 10, 2015 |
| Date Applicant Responded to First Office Action Claiming Six Years of Use, "**Since, as early as 2009**": | March 18, 2015 |
| Date Applicant Responded to Second Office Action Claiming Acquired Distinctiveness: | Jun. 9, 2015 |
| Asserted Against BodyRok in previous lawsuit filed in December 2015? | Yes |

91.   The aforementioned sworn statements to the U.S. Patent and Trademark Office invalidate any and all patents associated with said trade dress, because those patent applications have earliest priority dates more than a year after the claimed dated of first use and first use in commerce.

92.   The Megaformer M2S trade dress is described as follows:

| **Registered Trademark No. 4,849,325** | |
| --- | --- |
| Description of Mark: | |
| The mark consists of a three-dimensional configuration of the non-functional aspects of an exercise machine known as the Megaformer M2S. The mark consists of two platforms and a carriage; the top and bottom of the middle sliding carriage and the front and back stationary platforms having edges which are non-perpendicular to the sides, the inwardly tapering lateral sides of the middle sliding carriage, the side edges of the middle sliding carriage and the front and back stationary platforms substantially overhanging over the rails. The broken lines indicate placement of the mark on the goods and are not part of the mark. | |
| First Use: | **Jan. 1, 2009** |
| First Use in Commerce: | **Jan. 6, 2009** |
| Date Application was Filed: | Oct. 10, 2014 |
| Date Registered: | Nov. 10, 2015 |
| Date Applicant Responded to First Office Action Claiming Six Years of Use, "**Since, as early as 2009**": | March 13, 2015 |
| Date Applicant Responded to Second Office Action Claiming Acquired Distinctiveness: | Jun. 9, 2015 |

-11-

Asserted Against BodyRok in previous lawsuit filed in December 2015?        Yes

93.     The aforementioned sworn statements to the U.S. Patent and Trademark Office invalidate any and all patents associated with said trade dress, because those patent applications have earliest priority dates more than a year after the claimed dated of first use and first use in commerce.

94.     Lagree claimed in sworn statements to the USPTO in October 2014 that the Megaformer M2 was first used in commerce in January 2008.

95.     Days later, Lagree claimed in sworn statements to the USPTO that another version of the Megaformer, the M2S, was first used in commerce in January 2009.

96.     In March 2015, in response to First Office Actions, Lagree claimed the trade dress for the M2 and M2S, respectively, had each acquired distinctiveness based "over six years" of use, since "as early as 2009."

97.     In June 2015, in response to Second Office Actions, Lagree again claimed the marks had acquired distinctiveness pursuant to 2(f) based on continuous use and extensive coverage, advertising and promotional efforts.  Both trade dress applications resulted in registered marks in November 2015, which Lagree asserted against Defendants in December 2015.

M2:  Response to Office Action, dated March 18, 2015 (Page 54):

III. Applicant's Evidence Shows that the Mark Has Acquired Distinctiveness Under Section 2(f) of the Trademark Act Applicant demonstrates that the Mark has acquired distinctiveness under 15 U.S.C. § 1052(f) because exclusive and continuous use in commerce of the Mark in connection with exercise machines for over six years. Since, as early as 2009, Applicant has consistently and exclusively used the Mark in connection with marketing, distributing, offering for sale and selling its MEGAFORMER M2 exercise machine. Applicant has administered numerous training workshops, workouts, videos, and press regarding the use of the MEGAFORMER M2 and the Mark, throughout the United States and internationally. Therefore, the Mark is known by consumers and third parties as a source identifier associated with the MEGAFORMER M2 exercise machine.

98.     Lagree made a similar false statement with respect to the M2S trade dress:

M2S:  Response to Office Action, dated March 13, 2015 (Page 56):

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-12-

III. Applicant's Evidence Shows that the Mark Has Acquired Distinctiveness Under Section 2(f) of the Trademark Act Applicant demonstrates that the Mark has acquired distinctiveness under 15 U.S.C. § 1052(f) because exclusive and continuous use in commerce of the Mark in connection with exercise machines for over six years. Since, as early as 2009, Applicant has consistently and exclusively used the Mark in connection with marketing, distributing, offering for sale and selling its MEGAFORMER M2S exercise machine. Applicant has administered numerous training workshops, workouts, videos, and press regarding the use of the MEGAFORMER M2S and the Mark, throughout the United States and internationally. Therefore, the Mark is known by consumers and third parties as a source identifier associated with the MEGAFORMER M2S exercise machine.

99.    The Trademark Examining Attorney Responded on with a Second Office Action on March 30, 2015 related to both the application for the M2 trade dress (page 78-83), the M2S trade dress (page 80-85), which provided:

In its response, applicant makes a claim of acquired distinctiveness under Section 2(f) based on exclusive and continuous use in commerce of its mark on exercise machines for over six years. Applicant did not submit any additional evidence in support of its 2(f) claim. Applicant's response makes a reference to administering training workshops, issuing videos, and press in regards to the use of applicant's machines, but the application record is entirely devoid on information showing that consumers would view the claimed elements in applicant's mark as an indicative of source for the goods.

100.    In response, Lagree filed almost identical responses on June 9, 2015, tailored for the M2 (pages 85-105) and the M2S (pages 87-107), with evidence and argument claiming "the Mark has acquired distinctiveness," and requesting the "mark be registered under Section 2(f) of the Trademark Act."  (page 97 for the M2; page 92 for the M2S)

101.    Lagree stated: "The above materials have been continuously used to promote and market the Megaformer M2 machine, highlighting its unique design as a source identifier." (page 98 for the M2)

102.    The same statement was made for the M2S: "The above materials have been continuously used to promote and market the Megaformer M2S machine, highlighting its unique design as a source identifier." (page 93 for the M2S)

103.    Lagree stated: "As a result of this extensive coverage, advertising and promotional efforts, the Megaformer M2 Design has become a strong indicator of Applicant's high quality exercise machines among consumers who have come to associate the Design with a

-13-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

single source." (page 102 for the M2)

104.    The same statement was made for the M2S, simply replacing "M2" with "M2S." (page 98 for the M2S)

105.    Lagree also obtained registered trade dress for the Megaformer M3 and M3S, stating that those marks were also used in commerce in January 2009.

106.    All four versions of Megaformer machines (M2, M2S, M3, and M3S) are currently registered trade dress under 2(f) based on statements Lagree made to the USPTO that those machines were sold and advertised continuously since 2009.

107.    All four trade dress registrations were obtained through fraudulent misrepresentations.

108.    Two of those trade dress registrations were asserted against certain defendants in the previous lawsuit.

109.    Attached hereto as **Exhibits A-D** are excerpted pages of the trade dress applications for Plaintiffs' registered trade dress for the Megaformer M2, M2S, M3, and M3S.

### 4.    Lagree Patents

110.    In the FAC, Plaintiffs are asserting three patents are infringed by Defendants, U.S. Patent No. 8,641,585 ("the '585 patent"), U.S. Patent No. 9,415,253 ("the '253 patent"), and U.S. Patent No. 9,498,667 ("the '667 patent").

111.    The '585 Patent was issued on February 4, 2014, to inventor Sebastien Lagree, based on Patent Application No. 13/068,795, which was filed on May 20, 2011.

112.    The earliest priority date for the '585 Patent is May 20, 2011.

113.    The '253 Patent was issued on August 16, 2016, to inventors Sebastien Lagree and John C. Hamilton, based on Patent Application No. 14/970,845, which was filed on December 16, 2015. This application was based on a provisional application filed on October 29, 2012.

114.    The earliest priority date for the '253 Patent is October 29, 2012.

115.    The '667 Patent was issued on November 22, 2016, to inventors Sebastien Lagree and John C. Hamilton, based on Patent Application No. 15/237,263, filed on August 15, 2016.

-14-

ANSWER TO COMPLAINT                                            3:17-cv-00795-JST

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

This application was based on a provisional application filed on October 29, 2012.

116. The earliest priority date for the '667 Patent is October 29, 2012.

117. Upon information and belief, the Megaformer, advertised at least as early as May 1, 2010, practices the '585 Patent.

118. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer to the USPTO in the prosecution of the application that resulted in the issuance of the '585 Patent.

119. Upon information and belief, the Megaformer M2 practices the '585 Patent.

120. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2 to the USPTO in the prosecution of the application that resulted in the issuance of the '585 Patent.

121. Upon information and belief, the Megaformer M2S practices the '585 Patent.

122. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2S to the USPTO in the prosecution of the application that resulted in the issuance of the '585 Patent.

123. Upon information and belief, the Megaformer M2S practices the '253 Patent.

124. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2S to the USPTO in the prosecution of the application that resulted in the issuance of the '253 Patent.

125. Upon information and belief, the Megaformer M2S practices the '667 Patent.

126. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M3S to the USPTO in the prosecution of the application that resulted in the issuance of the '667 Patent.

127. The '225 Patent was issued on October 4, 2016, to inventor Sebastien Lagree, based on Patent Application No. 14/543,407, filed on November 17, 2014. This application was based on a provisional application filed on October 29, 2012.

128. The earliest priority date for the '667 Patent is October 29, 2012.

129. Upon information and belief, the Megaformer, advertised at least as early as May

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-15-

1, 2010, practices the '225 Patent.

130.    Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer to the USPTO in the prosecution of the application that resulted in the issuance of the '225 Patent.

131.    Upon information and belief, the Megaformer M2 practices the '225 Patent.

132.    Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2 to the USPTO in the prosecution of the application that resulted in the issuance of the '225 Patent.

133.    Upon information and belief, the Megaformer M2S practices the '225 Patent.

134.    Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2S to the USPTO in the prosecution of the application that resulted in the issuance of the '225 Patent.

135.    The Megaformer M2, which practices the '225 Patent, was advertised, published, and sold more than a year prior to the earliest filing date for the patent application.

136.    Plaintiffs filed statements with the USPTO related to the trade dress for the Megaformer M2 stating that the Megaformer M2 had acquired distinctiveness based on years of sales, advertising, promotion, and publications.

137.    Plaintiffs filed representations with the US Copyright Office regarding claimed publications of images of the Megaformer M2 more than a year before the filing of the applications that led to the issuance of the '225 Patent.

138.    The BodyRok Marina and BodyRok Carlsbad locations used the Megaformer M2 and entered into agreements (license and lease agreements) which predate the filing of the '225 Patent application by more than one year.

139.    The BodyRok Carlsbad location was not the first sale of a Megaformer machine.

140.    Plaintiffs asserted the '225 Patent in the initial Complaint in this case, but withdrew the '225 Patent when filing their FAC, after Defendants' counsel met and conferred regarding the foregoing inequitable conduct and failure to disclosure, but Plaintiffs did not covenant not to sue Defendants.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-16-

141. Likewise, Plaintiffs withdrew the previously asserted '931 Patent which it is practiced by the Megaformer M2, which was advertised, published, and sold more than a year prior to the earliest filing date for the patent application that lead to the issuance of the '931 Patent.

142. The '931 Patent was issued on July 7, 2015, to inventor Sebastien Lagree, based on Patent Application No. 14/511,527, filed on October 10, 2014. This application was based on a provisional application filed on October 23, 2013.

143. The earliest priority date for the '6931 Patent is October 29, 2012.

144. Upon information and belief, the Megaformer, advertised at least as early as May 1, 2010, practices the '931 Patent.

145. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer to the USPTO in the prosecution of the application that resulted in the issuance of the '931 Patent.

146. Upon information and belief, the Megaformer M2 practices the '931 Patent.

147. Upon information and belief, Lagree and his patent attorneys did not disclose the Megaformer M2 to the USPTO in the prosecution of the application that resulted in the issuance of the '931 Patent.

148. Upon information and belief, Plaintiffs and their attorneys did not disclose any versions of the Megaformer other than the M3S to the USPTO during the prosecution of the Asserted Patents or any of the related parent and child applications.

149. After the filing of the Complaint, and prior to the filing of the FAC, Plaintiffs' counsel informed Defendants' counsel that such applications Plaintiffs claim the dates of first use and first use in commerce of the Megaformer M2 are incorrect.

**5.** Lagree Copyrights

150. Plaintiffs are asserting two copyrights are infringed by Defendants, for a 2014 version of the exercise manual and a 2017 version of the exercise manual.

151. The 2017 version of the exercise manual was created after Defendants no longer had access to the manual on Plaintiffs' website.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-17-

**Gordon & Rees LLP**
101 W. Broadway Suite 2000
San Diego, CA 92101

152. The 2014 version of the exercise manual was registered after the filing of this lawsuit.

153. Lagree filed copyright applications to register marketing materials for the Megaformer M2, M2S, M3, and M3S machines which pre-date the filing of the asserted patent applications by more than one year.

154. The Megaformer M2 copyright was filed with a purported publication date preceding all Asserted Patents' respective effective filing dates.

155. The Megaformer M2S copyright was filed with a purported publication date preceding all Asserted Patents' respective effective filing dates.

156. The Megaformer M3 copyright was filed with a purported publication date preceding all Asserted Patents' respective effective filing dates.

157. The Megaformer M3S copyright was filed with a purported publication date preceding all Asserted Patents' respective effective filing dates.

158. Upon information and belief, Plaintiffs and their attorneys did not disclose any publications associated with any versions of the Megaformer to the USPTO during the prosecution of the Asserted Patents or any of the related parent and child applications.

159. After the filing of the Complaint, and prior to the filing of the FAC, Plaintiffs' counsel informed Defendants' counsel that such applications had incorrect dates of publication or creation and would be amended, but did not provide the correct dates.

160. Attached hereto as **Exhibits E-H** are screenshots from publicly available pages from the Copyright Office website for Plaintiffs' registered copyrights for the Megaformer M2, M2S, M3, and M3S

### **6.** Lagree Registered Trademarks

161. Plaintiffs are asserting six registered trademarks, which are service marks for the following listed services: "providing fitness classes, workouts, training, and exercise routine."

162. The FAC incorrectly states that the listed services are for each mark "in connection with providing fitness classes, workouts, training, and exercise routines" with an "s" on the word "routine."

-18-

163. The specimens filed for each of these six trademarks shows someone performing the exercise method.

164. The specimen(s) Lagree filed for the SUPER LUNGE service mark depicts a person or people performing the SUPER LUNGE exercise.

165. Attached hereto as **Exhibit I** is a true and correct copy of excepted pages from the TSDR for the SUPER LUNGE trademark application.

166. The specimen(s) Lagree filed for the ESCALATOR LUNGE service mark depicts a person or people performing the ESCALATOR LUNGE exercise.

167. Attached hereto as **Exhibit J** is a true and correct copy of excepted pages from the TSDR for the ESCALATOR LUNGE trademark application.

168. The specimen(s) Lagree filed for the ELEVATOR LUNGE service mark depicts a person or people performing the ELEVATOR LUNGE exercise.

169. Attached hereto as **Exhibit K** is a true and correct copy of excepted pages from the TSDR for the ELEVATOR LUNGE trademark application.

170. The specimen(s) Lagree filed for the FIFTH LUNGE service mark depicts a person or people performing the FIFTH LUNGE exercise.

171. Attached hereto as **Exhibit L** is a true and correct copy of excepted pages from the TSDR for the FIFTH LUNGE trademark application.

172. The specimen(s) Lagree filed for the CATFISH service mark depicts a person or people performing the CATFISH exercise.

173. Attached hereto as **Exhibit M** is a true and correct copy of excepted pages from the TSDR for the CATFISH trademark application.

174. The specimen(s) Lagree filed for the FRENCH TWIST service mark depicts a person or people performing the FRENCH TWIST exercise.

175. Attached hereto as **Exhibit N** is a true and correct copy of excepted pages from the TSDR for the FRENCH TWIST trademark application.

176. The specimen(s) Lagree filed for the WHEELBARROW service mark depicts a person or people performing the WHEELBARROW exercise.

-19-

ANSWER TO COMPLAINT                                    3:17-cv-00795-JST

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

177. Attached hereto as **Exhibit O** is a true and correct copy of excepted pages from the TSDR for the WHEELBARROW trademark application.

178. The specimen(s) Lagree filed for the SCRAMBLED EGGS service mark depicts a person or people performing the SCRAMBLED EGGS exercise.

179. Attached hereto as **Exhibit P** is a true and correct copy of excepted pages from the TSDR for the SCRAMBLED EGGS trademark application.

180. The specimen(s) Lagree filed for the DONKEY KICKS service mark depicts a person or people performing the DONKEY KICKS exercise.

181. Attached hereto as **Exhibit Q** is a true and correct copy of excepted pages from the TSDR for the DONKEY KICKS trademark application.

182. The dates of first use and first use in commerce claimed by Lagree are the date when Lagree first used that name for the exercise for the foregoing nine marks.

183. The dates of first use claimed by Lagree are not the same date the word was used in commerce as a service mark for the services listed in the trademark application for the foregoing nine marks.

184. The words have not been used in commerce as a service mark for the services listed in the trademark application for the foregoing nine marks.

185. Some marks have been mutilated since first used and are now spelled differently or used in a different manner.

186. Upon information and belief, the mark WHEELBARROW for an exercise was previously spelled Wheel Barrel.

187. Upon information and belief, the mark SPIDER for an exercise (or part of an exercise name) was previously spelled "Spyder"

188. Upon information and belief, other claimed marks were spelled with the name "THE" in front or different words before or after.

189. Upon information and belief, other claimed marks were used by others in the industry and are commonly used Pilates exercise names.

190. Upon information and belief, Plaintiffs claimed an earlier first use date and first

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-20-

use in commerce date than was used for the exercise name.

191.    For example, Plaintiffs claim that the exercises cannot be performed on regular Pilates machines, and that the Lagree Proformer and Megaformer were not created until 2006 or later, yet Plaintiffs claim first use dates preceding 2006, including some dates in 2002.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,641,585 ("the '585 patent"))

192.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 191 as though here fully set forth.

193.    Defendants have not been and are not now infringing any valid claim of the '585 Patent, directly or indirectly, literally or by the doctrine of equivalents, and believe that Plaintiffs' Complaint has been filed without good cause.

194.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that Defendants have not infringed and are not infringing any claim of the '585 Patent, directly or indirectly, literally or by the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 9,415,253 ("the '253 patent"))

195.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 194 as though here fully set forth.

196.    Defendants have not been and are not now infringing any valid claim of the '253 Patent, directly or indirectly, literally or by the doctrine of equivalents, and believe that Plaintiffs' Complaint has been filed without good cause.

197.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that Defendants have not infringed and are not infringing any valid claim of the '253 Patent, directly or indirectly, literally or by the doctrine of equivalents.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-21-

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

**THIRD COUNTERCLAIM**

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 9,498,667**

**("the '667 patent"))**

198.   Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 197 as though here fully set forth.

199.   Defendants have not been and are not now infringing any valid claim of the '667 Patent, directly or indirectly, literally or by the doctrine of equivalents, and believe that CES' Complaint has been filed without good cause.

200.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that Defendants have not infringed and are not infringing any valid claim of the '667 Patent, directly or indirectly, literally or by the doctrine of equivalents.

**FOURTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '585 Patent)**

201.   Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 200 as though here fully set forth.

202.   Defendants contend that the claims of the '585 Patent are invalid for failing to satisfy one or more of the conditions of patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.  Defendants are informed and believe that Plaintiffs contend the '585 Patent is valid and enforceable.

203.   Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that the claims of the '585 Patent are invalid.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '253 Patent)**

204.   Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 203 as though here fully set forth.

205.   Defendants contend that the claims of the '253 Patent are invalid for failing to

-22-

satisfy one or more of the conditions of patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. Defendants are informed and believe that Plaintiffs contend the '253 Patent is valid and enforceable.

206.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants. Defendants seek a judgment declaring that the claims of the '253 Patent are invalid.

**SIXTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '365 Patent)**

207.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 206 as though here fully set forth.

208.    Defendants contend that the claims of the '365 Patent are invalid for failing to satisfy one or more of the conditions of patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. Defendants are informed and believe that Plaintiffs contend the '365 Patent is valid and enforceable.

209.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants. Defendants seek a judgment declaring that the claims of the '365 Patent are invalid.

**SEVENTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '931 Patent)**

210.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 209 as though here fully set forth.

211.    Defendants contend that the claims of the '931 Patent are invalid for failing to satisfy one or more of the conditions of patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. Defendants are informed and believe that Plaintiffs contend the '931 Patent is valid and enforceable.

212.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants. Defendants seek a judgment declaring that the claims of the '931 Patent are invalid.

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-23-

**EIGHTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '225 Patent)**

213.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 212 as though here fully set forth.

214.    Defendants contend that the claims of the '225 Patent are invalid for failing to satisfy one or more of the conditions of patentability, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.  Defendants are informed and believe that Plaintiffs contend the '225 Patent is valid and enforceable.

215.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that the claims of the '225 Patent are invalid.

**NINTH COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of Registered Trade Dress)**

216.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 215 as though here fully set forth.

217.    Defendants contend that the trade dress for the Megaformer M2, M2S, M3, M3S are invalid for fraud on the USPTO, false declarations, and false marketing documents. Defendants are informed and believe that Plaintiffs contend the trade dress is valid and enforceable.

218.    Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants.  Defendants seek a judgment declaring that the trade dress are invalid.

**TENTH COUNTERCLAIM**

**(Declaratory Judgment That Exercises and Exercise Names are Not Protectable Under Copyright or Trademark Law)**

219.    Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 218 as though here fully set forth.

220.    Defendants contend that the asserted trademarks are invalid for failing to satisfy one or more the conditions, including, but not limited to fraud on the USPTO, misrepresentations

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-24-

of use, and filing false specimens and declarations. Defendants are informed and believe that Plaintiffs contend the trademarks are valid and enforceable.

221. Defendants contend that the asserted copyrights are invalid for failing to satisfy one or more the conditions, including, but not limited to fraud on the Copyright Office. Defendants are informed and believe that Plaintiffs contend the copyrights are valid and enforceable.

222. Accordingly, a valid and justiciable controversy has arisen and exists between Plaintiffs and Defendants. Defendants seek a judgment declaring that the teaching of exercises and use of exercise names are not infringement of valid trademarks of copyrights.

## ELEVENTH COUNTERCLAIM

### (Unfair Competition

### in Violation of California Business and Professions Code § 17200 *et seq.*)

223. Defendants restate, reallege, and incorporate by reference the allegations contained in the immediately preceding paragraphs 1 through 222 as though here fully set forth.

224. Plaintiffs and Counter-Defendants have committed acts of unfair competition as defined by California Business and Professions Code § 17200, et seq., by engaging in the unlawful practices alleged herein, including at least the following unlawful practices:

(1) Obtaining and asserting patents that were invalid, including based on fraud on the USPTO due to Plaintiffs' own machines;

(2) Obtaining and asserting trademarks/service marks for names of exercises that were invalid, including based on fraud on the USPTO based on false statements regarding use of the service marks;

(3) Obtaining and asserting trade dress for exercise equipment (Megaformer M2, M2S, M3, M3S) that were invalid, including based on fraud on the USPTO based on false statements regarding use in commerce of the trade dress;

(4) Obtaining copyrights for materials related to exercise equipment (Megaformer M2, M2S, M3, M3S) that were invalid, including based on fraudulent statements to the US Copyright Office;

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-25-

(5) Obtaining international rights to intellectual property based on the invalid and fraudulently obtained intellectual property rights in the United States, including patents and trademarks;

(6) Tortious interference with BodyRok's prospective economic relations with potential franchisees, or former licensee's of Lagree, based on Plaintiffs' and Counter-Defendants' numerous threats to assert intellectual property rights against Plaintiffs' and Counter-Defendants' licensees;

(7) Licensing intellectual property rights instead of properly performing under the franchise laws, in direct competition with Defendants; and

(8) Representations to consumers, licensees, and the public that misrepresent the truth as to the ownership and inventorship of the intellectual property rights, including relating to the Lagree Method and alleged patent rights for a method of exercising, and asserting all intellectual property rights against Defendants as asserted in the FAC.

225.    These acts and practices, as described above, violate California Business and Professions Code § 17200 et seq. in that they constitute unlawful business practices or acts prohibited thereunder.

226.    The unlawful, unfair and fraudulent business practices of Plaintiffs and Counter-Defendants as described above have damaged Defendants reputation, caused them to lose valuable potential contracts, and/or be unable to fairly compete with Plaintiffs and Counter-Defendants or their business.

227.    As a direct and proximate cause of the aforementioned acts, Plaintiffs and Counter-Defendants have improperly obtained the benefits of that contract through his unfair competition.

228.    As a result of such acts, Defendants have suffered, and will continue to suffer, irreparable harm by Plaintiffs' and Counter-Defendants' unfair practices and unfair competition, including but not limited to harm to its business reputation, good will and stature in the business community and with its customers, for which there is no adequate remedy at law, thereby

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

-26-

justifying injunctive relief.

229.     Until and unless injunctive relief is granted, Defendants will be harmed and Plaintiffs and Counter-Defendants will be unjustly enriched, which should be disgorged pursuant to allowable remedies under California Business and Professions Code Sections 17200 *et seq.*

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request entry of judgment in their favor and against Plaintiffs and Counter-Defendants as follows:

A.     Dismissing Plaintiffs' entire FAC with prejudice, and denying Plaintiffs any relief;

B.     Declaring that the claims of the '585 Patent, '253 Patent, '667 Patent, '225 Patent, and '931 Patent are invalid;

C.     Declaring that Defendants, and each one of them, have not infringed any claims of the three Asserted Patents '585 Patent, '253 Patent, and '667 Patent ;

D.     Declaring that Plaintiffs' 31 asserted trademarks/service marks are invalid, including six registered marks;

E.     Declaring Plaintiffs' six registered marks (and any pending marks registered during this lawsuit) are invalid, abandoned, and cancelled;

F.     Declaring that Plaintiffs have no rights under the Patent Act, copyright law, Lanham Act, California law, or common law to prevent Defendants from using names of exercises, or instructions as to perform exercises, whether Plaintiffs claim rights to them or otherwise;

G.     Declaring that Plaintiffs' two asserted copyright registrations are invalid;

H.     Declaring that Defendants, and each one of them, have not infringed the asserted copyrights;

I.     Declaring that Defendants have not violated any asserted rights related to Lagree's name or likeness;

J.     Declaring that Plaintiffs' registered trade dress for the Megaformer (M2, M2S, M3, M3S) was obtained by making false statements to the USPTO, such registered marks

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

-27-

are invalid, were fraudulently obtained and should be cancelled;

K.      Permanently enjoining Plaintiffs, their successors, affiliates, agents and assigns from asserting against Defendants, and each one of them, any claim of patent infringement, copyright infringement, trademark (service mark or trade dress) with respect to the alleged intellectual property rights;

L.      Entering judgment that this is an exceptional case under 35 U.S.C. §285 and the Lanham Act, and awarding each of the Defendants its respective costs and attorneys' fees; and

M.      Awarding Defendants such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all issues so triable under Federal Rule of Civil Procedure §38(b).

DATED:  April 28, 2017              GORDON REES SCULLY MANSUKHANI, LLP


By:      */s/ Robert P. Andris*
Robert P. Andris
Michael D. Kanach
Attorneys for Defendants,
SPARTACUS 20TH LP. ;
SPARTACUS 20TH G.P., INC.;
PHILIP R. PALUMBO;
JAKOB IRION;
BODYROK FRANCHISE, L.P.;
BODYROK FRANCHISE G.P., INC.;
EXERCISE TECHNOLOGIES, L.P.;
BODYROK MARINA, L.P.;
SCULPT FITNESS BERKELEY, LLC

**Gordon & Rees LLP**
**101 W. Broadway Suite 2000**
**San Diego, CA 92101**

1134528/32559064v.1

-28-

ANSWER TO COMPLAINT                                              3:17-cv-00795-JST