William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Chad E. Ziegler (Admitted *Pro Hac Vice*)
chad@neustel.com
Edward K. Runyan (Admitted *Pro Hac Vice*)
edward@neustel.com
Michelle G. Breit (Bar No. 133143)
michelle@neustel.com
NEUSTEL LAW OFFICES, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103
Telephone: (701) 281-8822
Facsimile: (701) 237-0544

Attorneys for Plaintiffs and Counterclaim Defendants
LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC.,
MAXIMUM FITNESS INCORPORATED, SEBASTIEN LAGREE and SPX FITNESS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC., MAXIMUM FITNESS INCORPORATED, AND SEBASTIEN LAGREE,<br><br>Plaintiffs,<br><br>v.<br><br>SPARTACUS 20TH L.P., SPARTACUS 20TH G.P., INC., PHILIP R. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., BODYROK MARINA, LP., SCULPT FITNESS BERKELEY, LLC, SPARTACUS LOMBARD, L.P., AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO.: 3:17-CV-00795-JST<br><br><br>**STIPULATION REGARDING PROTECTED MATERIAL UNDER THE PROTECTIVE ORDER AND [PROPOSED] ORDER.** |

SPARTACUS 20TH L.P., SPARTACUS 20TH G.P., INC., PHILIP R. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., BODYROK MARINA, L.P., SCULPT FITNESS BERKELEY, LLC, AND SPARTACUS LOMBARD, L.P.,

    Counterclaim Plaintiffs,

       v.

LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC., MAXIMUM FITNESS INCORPORATED, AND SEBASTIEN LAGREE, SPX FITNESS, INC., AND ROES 1-10, INCLUSIVE

    Counterclaim Defendants.

       TO THE HONORABLE MAGISTRATE JUDGE LAUREL BEELER AND THE CLERK OF THE COURT:

       Plaintiffs and Counterclaim Defendants LAGREE TECHNOLOGIES, INC., LAGREE FITNESS, INC., MAXIMUM FITNESS INCORPORATED, SEBASTIEN LAGREE, and SPX FITNESS, INC. ("Plaintiffs"), and Defendants and Counterclaim Plaintiffs SPARTACUS 20TH L.P., SPARTACUS 20TH G.P., INC., PHILIP P. PALUMBO, JAKOB IRION, BODYROK FRANCHISE, L.P., BODYROK FRANCHISE G.P., INC., EXERCISE TECHNOLOGIES, L.P., BODYROK MARINA, L.P., SCULPT FITNESS BERKELEY, LLC, and SPARTACUS LOMBARD, L.P. ("Defendants") (hereinafter collectively the "Parties"), stipulate as follows:

**A.**    **Electronic Devices and ESI Collected from Ronald A. Shafii/Fitness Armada, Inc.**

       WHEREAS, on July 26, 2017, Defendants served third party Ronald A. Shafii ("**Shafii**") with a Rule 45 document subpoena directed to Shafii's company, Fitness Armada, Inc.

       WHEREAS, in response to the subpoena, Shafii produced electronic devices in his possession to Defendants' forensics vendor, Epiq Global ("**Epiq**") (formerly DTI), consisting of (1) four computer hard drives of 1TB, 2TB, 4TB, and 16TB memory, respectively, (2) two laptop hard drives, and (3) three iPhones.

WHEREAS, Epiq forensically copied files from the four 1TB, 2TB, 4TB, and 16TB computer hard drives (hereafter "**Copied Drives**") to obtain copies of ESI stored on those drives ("**Collected ESI**") and provided Plaintiffs' counsel a duplicate copy set of the Collected ESI on external storage media; Epiq returned the Copied Drives to Shafii shortly after the completion of forensic work on those devices.

WHEREAS, Epiq generated asset reports and other information ("**Related Materials**") relating to the Collected ESI.

WHEREAS, Epiq presently maintains the Collected ESI in cold storage, as well as Related Materials, at its lab facility in Phoenix, Arizona.

WHEREAS, Epiq apparently performed no forensic work on the two laptop drives and three iPhones, and instead transferred these devices to its lab facility in Phoenix, Arizona, where they are currently being held in cold storage (hereafter "**Retained Electronic Devices**").

WHEREAS, in sum, Epiq is presently in possession of the master copy set of Collected ESI, Related Materials, and Retained Electronic Devices; Plaintiffs' forensic vendor, TransPerfect Legal Solutions, is presently maintaining Plaintiffs' duplicate copy set of Collected ESI on the storage media sent to them by Epiq.

**B.** **Plaintiffs' Pending State-Court Action Seeking to Establish Plaintiffs' Ownership of Collected ESI and Retained Electronic Devices and the Right to Their Return**

WHEREAS, Plaintiffs Sebastien Lagree and Lagree Fitness, Inc. have instituted an action against Shafii and his company, Armada Fitness, in California Superior Court, Los Angeles County, Case No. EC068449 ("**California State Action**"), seeking, *inter alia*, (1) a declaration that the two Plaintiffs are the rightful owners of the Collected ESI and one or more of the Retained Electronic Devices, with exclusive rights thereto under the law, (2) an injunction compelling Shafii to return all of Plaintiffs' files and electronic devices in his possession, custody, or control, and (3) a judgement of compensatory and punitive damages based on asserted claims of conversion and theft of trade secrets.

**C.** **The Parties' Meet and Confer**

WHEREAS, on April 25, 2018, Plaintiffs filed a Motion for an Order Regarding

Treatment of Protected Information under the Court's Protective Order (Dkt. No. 150) seeking the Court's guidance in resolving the dispute in accordance with the requirements and impending deadline for final disposition of Protected Materials under the Protective Order.

WHEREAS, on May 10, 2018, Defendants filed a response to Plaintiffs' motion (Dkt. No. 152).

WHEREAS, on May 11, 2018, third-party Coreology, Inc. ("**Coreology**") filed a paper, in which it expressed its interest in establishing appropriate procedures for the preservation of the Collected ESI and the Retained Electronic Devices with Epiq (Dkt. No. 153).

WHEREAS, on May 15, 2018, Plaintiffs' motion was referred to Magistrate Judge Beeler (Dkt No. 155), who, on May 17, 2017, issued an Order (1) instructing "plaintiffs, the defendants, and third-party Coreology to meet and confer and, if they cannot resolve their disputes, to submit a joint letter brief with information about any unresolved disputes;" and (2) extending the deadline for final disposition of Protected Materials to June 14, 2018 and "[t]o maintain the status quo while the meet-and-confer process is pending" (Dkt. No. 156). The deadline for final disposition was extended to July 27, 2018 in a separate Order. (Dkt. No. 160.)

**D.     The Parties' Agreement – Maintain the *Status Quo***

WHEREAS, counsel for the parties held a formal meet and confer, during which the parties agreed (1) to preserve the *status quo* until the pending California State Action determines the ownership and disposition of the Collected ESI and Retained Electronic Devices, and (2) that plaintiffs and Coreology will evenly split the cost of cold storage of Collected ESI and Retained Electronic Devices.

NOW, THEREFORE, the Parties, by and through their respective counsel, hereby respectfully request that the Court order the preservation of the *status quo* in accordance with the terms and instructions set forth in the Proposed Order until the California State Action determines the ownership and disposition of the Collected ESI and Retained Electronic Devices.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: July 27, 2018                        Neustel Law Offices, LTD

/s/ Chad E. Ziegler
Chad E. Ziegler (*Pro Hac Vice*)
Edward K. Runyan (*Pro Hac Vice*)
Michelle G. Breit (Bar No. 133143)

Attorneys for Plaintiffs and Counter-
defendants, LAGREE TECHNOLOGIES,
INC., LAGREE FITNESS, INC.,
MAXIMUM FITNESS INCORPORATED,
SEBASTIEN LAGREE, and SPX FITNESS,
INC.

Dated: July 27, 2018                        Gordon Rees Scully Mansukhani, LLP

/s/ Michael D. Kanach

Michael D. Kanach (SBN: 271215)
Kevin W. Alexander (SBN: 175204)

Attorneys for Defendants and Counter-
plaintiffs, SPARTACUS 20TH L.P.,
SPARTACUS 20TH G.P., INC.,
PHILIP R. PALUMBO,
JAKOB IRION,
BODYROK FRANCHISE, L.P.,
BODYROK FRANCHISE, G.P., INC.,
EXERCISE TECHNOLOGIES, L.P.,
BODYROK MARINA, LP.
SCULPT FITNESS BERKELEY, LLC, and
SPARTACUS LOMBARD, L.P.

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

The Parties shall maintain the *status quo* with respect to the Collected ESI, Retained Electronic Devices and Related Materials, as defined in the July 26, 2018 Stipulation, until the ownership and disposition of the Collected ESI and Retained Electronic Devices are determined in the California State Action, *Lagree et al. v. Shafii et al.*, Case No. EC068449, California Superior Court, Los Angeles County.

During the *status quo* period, each Party shall maintain the present *status quo* as follows:

(1) Defendants' forensics vendor, Epiq Global, shall continue to maintain and preserve the Collected ESI in cold storage, along with Related Materials, at its forensic lab in Phoenix, Arizona;

(2) Epic Global shall continue to maintain the Retained Electronic Devices in cold storage at its forensic lab in Phoenix, Arizona;

(3) Plaintiffs' forensic vendor, TransPerfect Legal Systems, shall continue to maintain and preserve Plaintiffs' duplicate copy set of Collected ESI provided by Epiq Global; and

(4) Epiq Global and the Parties shall continue to operate in accordance with the terms set forth in the governing Protective Order until the California State Action determines the ownership and disposition of the Collected ESI and Retained Electronic Devices.

During the *status quo* period, Plaintiffs and Coreology, Inc. have agreed to evenly split the cost of cold storage of Collected ESI charged by Epiq Global. BodyRok is not responsible for costs of preservation, for cold storage at Epiq, or other fees in the future related to the Collected ESI or Retained Electronic Devices. If Lagree or Coreology (or anyone other than BodyRok) seeks to take data or devices out of cold storage, those parties will address the costs at that time and enter into an agreement directly with Epiq.

The Parties shall comply with paragraph 15 of the Protective Order within thirty (30) days, other than as set forth above.

DATED: _____July 30, 2018_____        _____
UNITED STATES MAGISTRATE JUDGE
Honorable Laurel Beeler

**FILER'S ATTESTATION**

I, Chad E. Ziegler, am an ECF user whose ID and password are being used to file this STIPULATION REGARDING PROTECTED MATERIAL UNDER THE PROTECTIVE ORDER AND [PROPOSED] ORDER.  Plaintiffs' counsel obtained Defendants' counsel's and and Coreology's counsel's authority prior to the filing of this document.  In compliance with Civil L.R. 5-1(i)(3), I hereby attest that counsel for the Defendants concur in this filing.

/s/ Chad E. Ziegler
Chad E. Ziegler